[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 431.]

SMITH, APPELLANT, *v.* WALKER, WARDEN, APPELLEE.

[Cite as *Smith v. Walker*, 1998-Ohio-30.]

*Habeas corpus to compel Warden of Pickaway Correctional Institution to release petitioner from prison—Petition properly dismissed by court of appeals, when.*

(No. 98-1036—Submitted September 29, 1998—Decided October 28, 1998.)

APPEAL from the Court of Appeals for Pickaway County, No. 98 CA 10.

————————————

{¶ 1} In 1994, the Summit County Court of Common Pleas convicted appellant, Paul Douglas Smith, of endangering children and assault, and sentenced him to prison. The judgment was affirmed on appeal. *State v. Smith* (July 5, 1995), Summit App. No. 16910, unreported, 1995 WL 411401. The common pleas court later denied Smith's petition for postconviction relief. Smith also filed a petition in this court for a writ of habeas corpus, which we dismissed. *Smith v. Walker* (1997), 79 Ohio St.3d 1503, 684 N.E.2d 88.

{¶ 2} In 1998, Smith filed a petition in the Court of Appeals for Pickaway County for a writ of habeas corpus to compel appellee, Pickaway Correctional Institution Warden Diane Walker, to immediately release him from prison. Smith claimed that his trial court improperly sentenced him for a second-degree felony even though the jury found him guilty of a third-degree felony. Shortly thereafter, the court of appeals dismissed Smith's petition because he had failed to comply with the requirements of R.C. 2969.25(A) and (C).

{¶ 3} This cause is now before the court upon an appeal as of right.

————————————

*Paul Douglas Smith, pro se.*

*Betty D. Montgomery*, Attorney General, and *Karen L. Killian*, Assistant Attorney General, for appellee.

———————————

***Per Curiam.***

**{¶ 4}** Smith asserts in his sole proposition of law that the court of appeals erred in dismissing his petition based on the *in forma pauperis* requirements set forth in R.C. 2969.25 for inmates filing civil actions against a government entity or employee. Smith's assertion lacks merit because even if the court of appeals' rationale was incorrect, dismissal was warranted for the following reasons. See *State ex rel. The V Cos. v. Marshall* (1998), 81 Ohio St.3d 467, 474, 692 N.E.2d 198, 204, fn. 1.

**{¶ 5}** First, Smith had adequate remedies at law by appeal or postconviction relief to review the alleged sentencing error. *State ex rel. Massie v. Rogers* (1997), 77 Ohio St.3d 449, 450, 674 N.E.2d 1383. Sentencing errors are not jurisdictional. *Majoros v. Collins* (1992), 64 Ohio St.3d 442, 443, 596 N.E.2d 1038, 1039.

**{¶ 6}** Second, *res judicata* precluded Childers from filing successive habeas corpus petitions. *State ex rel. Brantley v. Ghee* (1997), 80 Ohio St.3d 287, 288, 685 N.E.2d 1243, 1244.

**{¶ 7}** Based on the foregoing, the court of appeals properly dismissed Smith's petition. By so holding, as we have held in comparable cases, we need not address the issue of whether R.C. 2969.25 applies to habeas corpus actions. Cf. *State ex rel. Crigger v. Ohio Adult Parole Auth.* (1998), 82 Ohio St.3d 270, 271, 695 N.E.2d 254, 255; *State ex rel. Alford v. Winters* (1997), 80 Ohio St.3d 285, 286, 685 N.E.2d 1242, 1242-1243. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

January Term, 1998

---