JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant Joseph James McGrath ("McGrath") appeals from the trial court's judgment that dismissed his declaratory judgment action against the Ohio Adult Parole Authority ("OAPA"). For the following reasons, we reverse and remand for further proceedings.
 {¶ 2} McGrath was indicted on a seven-count indictment in March 2000. After trial, the jury found him guilty on five counts and he was convicted and sentenced accordingly. McGrath appealed his conviction and sentence in State v. McGrath (Sept. 6, 2001), Cuyahoga App. No. 77896. This Court affirmed his conviction but noted that "post-release control was not part of his sentence." Id. at 2001. McGrath attempted an appeal to the Ohio Supreme Court, which the State successfully opposed. Id., appeal not allowed (2002), 94 Ohio St.3d 1432. The State did not pursue an appeal.
 {¶ 3} According to the complaint, the OAPA placed McGrath on post-release control upon his release from prison. In January 2003, McGrath filed a complaint seeking writs of mandamus and prohibition. State ex rel. McGrath v. Ohio Adult Parole Auth.,
Cuyahoga App. 82287, 2003-Ohio-1969, affirmed by (2003),100 Ohio St.3d 72. The Ohio Supreme Court reasoned that a writ of mandamus did not lie against the OAPA because McGrath's true objectives were a declaratory judgment (to declare the APA's actions illegal) and a prohibitory injunction (to prevent the APA and its parole officers from continuing their post-release control of him).
 {¶ 4} Thereafter, McGrath commenced the subject declaratory judgment action against the OAPA. The trial court dismissed the action on the basis that "declaratory judgment is not the proper motion to challenge his sentence. Defendant must file an appeal of his sentence." McGrath assigns the following errors for our review, which we will address together.
 {¶ 5} "I. The trial court erred by failing to hold that declaratory judgment is the appropriate action to challenge the APA's imposition of post-release control in defiance of this Court's judgment.
 {¶ 6} "II. The trial court erred by finding that Mr. McGrath should have challenged his sentence on direct appeal. The trial court should have found that when this Court has ruled that post-release control is not part of an inmate's sentence, res judicata, collateral estoppel, and law of the case bar the State from claiming that the inmate was subject to post-release control.
 {¶ 7} "III. The trial court erred by failing to grant Mr. McGrath's motion for a temporary restraining order and a preliminary injunction."
 {¶ 8} Based on the law of the case, we find appellant's assignments of error well-taken. This Court previously acknowledged that post-release control was not part of McGrath's sentence. Ibid. The State chose not to appeal, although it has done so from similar findings of this Court in other cases. See, e.g., State v. Miller, Cuyahoga App. No. 81608, 2003-Ohio-1168, at ¶ 7 [appeal allowed by, 2003 Ohio 3957.] The Ohio Supreme Court essentially instructed McGrath that a declaratory judgment action is the appropriate means to address this matter.
 {¶ 9} Assignments of error I, II, and III are sustained.
Judgment reversed and remanded for proceedings consistent with this opinion.
It is ordered that appellant recover of appellee his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., and Rocco, J., Concur.