[Cite as *Hart v. Hudson*, 2010-Ohio-5954.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

DAVID J. HART,                              :

    Petitioner-Appellee,                  :          Case No: 10CA19

    v.                                              :

                                                    :          DECISION AND
STUART HUDSON, Warden,               :          JUDGMENT ENTRY
Pickaway Correctional Institution,       :

    Respondent-Appellant.              :          File-stamped date:  11-22-10

APPEARANCES:

Richard Cordray, Ohio Attorney General, and M. Scott Criss, Ohio Assistant Attorney
General, Columbus, Ohio, for Appellant.

Timothy Young, Ohio State Public Defender, and Claire R. Cahoon, Ohio State
Assistant Public Defender, Office of the Ohio Public Defender, Columbus, Ohio, for
Appellee.

Kline, J.:

**{¶1}**    David J. Hart (hereinafter "Hart") was incarcerated in the Pickaway
Correctional Institution as the result of convictions in the Warren County Court of
Common Pleas.  The Warren County court sentenced Hart to twenty-three months for
the underlying crimes and 937 days for a postrelease control violation.  After Hart
served his twenty-three months, he filed a petition for a writ of habeas corpus.  Hart
argued (1) that he was never validly on postrelease control; (2) that the Warren County
Court of Common Pleas did not have the authority to sentence him for a postrelease
control violation; and (3) that he should be immediately released from prison.  The
Pickaway County Court of Common Pleas agreed and granted Hart's petition.

{¶2}     Stuart Hudson (hereinafter "Hudson"), the Warden of the Pickaway Correctional Institution, appeals the grant of habeas corpus relief. Hudson argues that habeas corpus is not available because Hart had an adequate remedy of law. Because Hart could have raised his postrelease control arguments in a direct appeal, we agree. Therefore, habeas corpus relief is not available to Hart, and we reverse the judgment of the Pickaway County Court of Common Pleas.

I.

{¶3}     On September 25, 2002, the Clinton County Court of Common Pleas sentenced Hart to three years in prison for felonious assault, a violation of R.C. 2903.11(A)(1). The sentencing entry states that "the offender may be subject to a period of post release control up to 3-years as determined by the Parole Board[.]" In actuality, because felonious assault is a second-degree felony, Hart was subject to a mandatory term of three years of postrelease control. See R.C. 2967.28(B)(2).

{¶4}     Hart eventually got out of prison. But on November 7, 2006, the Clinton County Court of Common Pleas sentenced Hart for a postrelease control violation. The court's November 7, 2006 Entry Revoking Community Control states, in relevant part, that "the offender shall be subject to a period of post-release control as determined by the Parole Board[.]" As such, the November 7, 2006 entry fails to note the length of time of Hart's postrelease control.

{¶5}     After getting out of prison, Hart once again ran afoul of the law. On June 12, 2008, the Warren County Court of Common Pleas sentenced Hart to a total of twenty-three months incarceration for various crimes. The court also sentenced Hart to 937 days in prison for violating his postrelease control. Hart appealed his Warren County

convictions in *State v. Hart*, Warren App. No. CA2008-06-079, 2009-Ohio-997, but the Twelfth District Court of Appeals affirmed the trial court's judgment.

{¶6}     Hart finished serving his twenty-three month sentence on December 14, 2009.  After December 14, 2009, Hart was in prison solely for the postrelease control violation.  On January 14, 2010, Hart filed a petition for a writ of habeas corpus in the Pickaway County Court of Common Pleas.  Hart claimed that he should be released from prison for the following reasons.  The Clinton County sentencing entries did not properly impose postrelease control.  And because Hart was never validly on postrelease control, the Warren County Court of Common Pleas did not have the authority to sentence Hart for a postrelease control violation.

{¶7}     On February 17, 2010, Hudson filed a motion to dismiss Hart's petition. Essentially, Hudson argued that habeas corpus relief is unavailable because Hart could have challenged his sentences in a direct appeal.

{¶8}     The trial court denied Hudson's motion to dismiss and granted Hart's petition for a writ of habeas corpus.  As the trial court found, "the Adult Parole Authority imposed a three-year period of postrelease control under color of the authority of a void sentence.  It follows that the Warren County Common Pleas Court had no power to enforce the parole board's imposition of postrelease control by sentencing Hart to 937 days in prison for violating it.

{¶9}     "Hart has completed the term of incarceration to which he was sentenced for his Warren County convictions.  Hart currently remains in prison only because the Warren County Common Pleas Court sentenced him to 937 days for violating a void sanction of postrelease control.  Because Hart cannot be held in prison as punishment

for violating postrelease control which was never validly imposed, he is entitled to a writ of habeas corpus and immediate release from Hudson's custody."  Pickaway County Court of Common Pleas Order and Entry at 11-12.

{¶10}      Hudson appeals the trial court's judgment, but he has failed to include any assignments of error in his appellate brief.  "An appellant's brief must contain '[a] statement of the assignments of error presented for review * * *.'  App.R. 16(A)(3).  This requirement has great significance because appellate courts '[d]etermine [an] appeal on its merits on the assignments of error set forth in the briefs under App.R. 16 * * *.'  App.R. 12(A)(1)(b).  Without assignments of error, an appellate court has nothing upon which to rule."  *Williams v. Hill*, Franklin App. No. 10AP-69, 2010-Ohio-4189, at ¶4 (other citation omitted) (alterations and omissions sic).

{¶11}      We recognize that "[a]n appellate court may dismiss an appeal for an appellant's failure to follow the Rules of Appellate Procedure."  *Williams* at ¶5, citing App.R. 3(A); *Corbin v. Dailey*, Franklin App. No. 08AP-802, 2009-Ohio-881, at ¶7.  See, also, *State v. Peoples*, Miami App. No. 2005 CA 20, 2006-Ohio-4162, at ¶24; *Oldacre v. Oldacre*, Ross App. No. 08CA3073, 2010-Ohio-1651, at ¶35-37 (Kline, J., with one judge concurring in judgment only).  In the present case, however, we choose to construe Hudson's "issue for review" as an assignment or error.  See, generally, App.R. 16(A)(4) (stating that an appellant's brief must include "[a] statement of the issues presented for review, with references to the assignments of error to which each issue relates").  Accordingly, we will review the following: "Petitioner David Hart is not entitled to relief when a reasonable person examining Hart's sentencing entry would understand that Hart would be required to serve a term of post-release control at the expiration of

his stated prison term.  *Watkins v. Collins*, [111 Ohio St.3d 425, 2006-Ohio-5082, at ¶¶51, 53].”

II.

**{¶12}**     Hudson contends that the trial court should not have granted Hart's petition for a writ of habeas corpus.  We review the trial court's grant of habeas corpus under a de novo standard.  See *Tierney v. Tierney*, Trumbull App. No. 2007-T-0095, 2008-Ohio-2755, at ¶15, citing *Young v. Brunsman*, Ross App. No. 06CA2938, 2008-Ohio-64, at ¶13 (McFarland, J., with two judges concurring in judgment only) (other citations omitted); cf. *In re D.H.*, Gallia App. No. 09CA11, 2009-Ohio-6009, at ¶49 (“Our standard of review of a denial of a writ of habeas corpus is de novo.”), citing *State ex rel. Scott Edwards* (Oct. 28, 1996), Ross App. No. 96CA2210.  “As a general proposition of law, the extraordinary writ of habeas corpus is the proper vehicle by which to seek release from prison.”  *Arnett v. Sheets*, Ross App. No. 10CA3156, 2010-Ohio-3985, at ¶6, citing *State ex rel. Nelson v. Griffin*, 103 Ohio St.3d 167, 2004-Ohio-4754, at ¶5; *State ex rel. Akbar-El v. Cuyahoga Cty. Court of Common Pleas*, 94 Ohio St.3d 210, 210-211, 2002-Ohio-475; *State ex rel. Key v. Spicer*, 91 Ohio St.3d 469, 470, 2001-Ohio-98.  “However, as with any other extraordinary writ, appellant is only entitled to habeas corpus if he can show, inter alia, he has no ‘adequate remedy at law.’”  *Arnett* at ¶6, citing *Agee v. Russell*, 92 Ohio St.3d 540, 544, 2001-Ohio-1279; *Gaskins v. Shiplevy*, 76 Ohio St.3d 380, 383, 1996-Ohio-387.

A. Overview

**{¶13}**     We will start with a brief overview of the relevant facts and issues.  In 2002, the Clinton County Court of Common Pleas convicted Hart for felonious assault.  Later,

in 2006, the Clinton County Court of Common Pleas convicted Hart for a postrelease control violation. The Clinton County Court of Common Pleas did not properly impose postrelease control in either Hart's 2002 sentencing entry or his 2006 sentencing entry. Therefore, Hart argues that both Clinton County sentencing entries are void.

**{¶14}** In 2008, the Warren County Court of Common Pleas sentenced Hart to twenty-three months incarceration for various crimes. Hart was ostensibly on postrelease control for the convictions in Clinton County, so the Warren County court also sentenced Hart to 937 days in prison for a postrelease control violation. After he served his twenty-three months, Hart filed a petition for a writ of habeas corpus. Hart argued that, because the Clinton County sentencing entries did not properly impose postrelease control, the Adult Parole Authority did not have the power to implement postrelease control after Hart had served his prison terms for the Clinton County convictions. As a result, Hart claimed (1) that he was never validly on postrelease control and (2) that the Warren County Court of Common Pleas did not have the authority to sentence Hart for a postrelease control violation. Hart also argued that habeas corpus relief was justified because he did not have an adequate remedy at law.

**{¶15}** On appeal, Hudson argues that Hart *had* an adequate remedy at law by way of direct appeal from the 2002 Clinton County conviction, the 2006 Clinton County Conviction, or the 2008 convictions in Warren County. According to Hudson, Hart could have raised his postrelease control arguments in a direct appeal from any of these convictions. Because Hart failed to do so, Hudson argues that habeas corpus relief is unavailable in the present case.

B. Hudson's Argument

**{¶16}** "If the issue to be raised in the petition for a writ of habeas corpus could have been raised on direct appeal, the petition will be denied." 53 Ohio Jurisprudence 3d 5, Habeas Corpus, citing *Heddleston v. Mack*, 84 Ohio St.3d 213, 1998-Ohio-320. See, also, *Brown v. Bradshaw*, 126 Ohio St.3d 265, 2010-Ohio-3758, at ¶1; *Smith v. Walker*, 83 Ohio St.3d 431, 432, 1998-Ohio-30; *Thomas v. Collins*, 74 Ohio St.3d 413, 413-414, 1996-Ohio-280. And here, Hudson relies on *Watkins* to support his argument that Hart had an adequate remedy at law by way of a direct appeal. *Watkins* involved "an action for a writ of habeas corpus to compel the release of 12 petitioners who [were] in prison for violating the terms of their postrelease control." *Watkins* at ¶1. The petitioners claimed that they were "entitled to the writ because they failed to receive adequate notice of postrelease control and their sentencing entries failed to incorporate adequate notice of postrelease control into their sentences." Id. at ¶27. The Supreme Court of Ohio, however, rejected the petitioners' argument and found the following: "The petitioners' sentencing entries, although they mistakenly included wording that suggested that imposition of postrelease control was discretionary, contained sufficient language to authorize the Adult Parole Authority to exercise postrelease control over the petitioners. Consequently, in accordance with our general precedent, habeas corpus is not available to contest any error in the sentencing entries, and petitioners have or had an adequate remedy by way of appeal to challenge the imposition of postrelease control." Id. at ¶53.

**{¶17}** For similar reasons, Hudson argues that habeas corpus relief is unavailable in the present case. Hudson concedes that the two sentencing entries from Clinton County are incorrect. The September 25, 2002 entry misstates the mandatory nature of

postrelease control, and the November 7, 2006 entry does not state the appropriate time period for postrelease control. But according to Hudson, Hart had sufficient notice that postrelease control was applicable. And because Hart failed to challenge any of his sentences on direct appeal, Hudson contends that habeas corpus is unavailable.

{¶18}    Hart questions the continued viability of *Watkins*. As Hudson notes, however, the Supreme Court of Ohio recently relied on *Watkins* in *State ex rel. Pruitt v. Cuyahoga Cty. Court of Common Pleas*, 125 Ohio St.3d 402, 2010-Ohio-1808. In *Pruitt*, the Supreme Court of Ohio "established that a sentencing entry, which included language that postrelease control was part of a sentence, provided sufficient notice of postrelease control and any claimed errors must be pursued through an appeal rather than by an extraordinary writ." *State ex rel. McGrath v. McDonnell*, Cuyahoga App. No. 94819, 2010-Ohio-2610, at ¶8. See, also, *State ex rel. McGrath v. Matia*, Cuyahoga App. No. 94147, 2010-Ohio-1987, at ¶5 ("[T]he Supreme Court of Ohio has rejected the use of extraordinary writs to remedy error in the imposition of postrelease control. In [*Bezak* at ¶16], the Supreme Court of Ohio held that if a sentence is void for failing to impose postrelease control, then 'the sentence must be vacated and the matter remanded to the trial court for resentencing.' The use of the word 'remand' necessarily implies that the case is on appeal.") (other quotations omitted).

{¶19}    Accordingly, because Hart did not seek relief through a direct appeal, Hudson argues that habeas corpus relief is inappropriate.

## C. Hart's Argument

{¶20}    In contrast, Hart argues (1) that he was never validly on postrelease control and (2) that the Warren County Court of Common Pleas had no authority to sentence

Hart for a postrelease control violation. Finally, Hart argues that he did not have an adequate remedy at law for the following reasons: (1) he could not have appealed from either of the Clinton County convictions; and (2) he was precluded from raising the postrelease control issue in the direct appeal of his Warren County convictions.

{¶21} We agree with Hart's basic argument about the propriety of the Warren County sentencing entry. Hart was not validly on postrelease control, and the Warren County Court of Common Pleas should not have sentenced Hart for a postrelease control violation. In our view, the relevant issue is whether habeas corpus relief is appropriate in the present case. Therefore, the important question is: Did Hart have an adequate remedy of law by way of a direct appeal from the 2002 Clinton County conviction, the 2006 Clinton County conviction, or the 2008 Warren County convictions? If so, then Hart is not entitled to habeas corpus relief. Here, we find that Hart did have adequate remedies at law.

1. The Clinton County Convictions

{¶22} As to the Clinton County convictions, Hart argues that he did not have an adequate remedy at law because neither of the Clinton County entries are final appealable orders. To support this argument, Hart cites the Supreme Court of Ohio's recent decision in *State ex rel. Carnail v. McCormick*, 126 Ohio St.3d 124, 2010-Ohio-2671. As the Supreme Court noted, "'[i]n cases in which a defendant is convicted of, or pleads guilty to, an offense for which postrelease control is required but not properly included in the sentence, the sentence is void * * *.'" Id. at ¶35, quoting *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, syllabus, superseded by statute on other grounds (omission sic). See, also, *State v. Bloomer*, 122 Ohio St.3d 200, 2009-

Ohio-2462, at ¶27 ("[A] sentence is void if the court fails to follow the statutory mandates to impose postrelease control.").  Because of cases like *Carnail* and *Simpkins*, Hart argues that his Clinton County sentences are void.  And for that reason, Hart argues that he could not have appealed from either of the Clinton County sentences.  See, e.g., *Carnail* at ¶36  (A sentencing entry is void and, therefore, not a final appealable order if that entry "fail[s] to include the statutorily required mandatory term of postrelease control.").

**{¶23}** Here, it is undisputed that postrelease control is not properly included in either of the Clinton County entries.  However, only the September 25, 2002 entry is void.  "Effective July 11, 2006, R.C. 2929.191 establishes a procedure to remedy a sentence that fails to properly impose a term of postrelease control."  *State v. Ketterer*, --- Ohio St.3d ----, 2010-Ohio-3831, at ¶72.  Therefore, because the second Clinton County sentence happened after the effective date of R.C. 2929.191, the November 7, 2006 Clinton County sentence was not void; i.e., it was a final appealable order.  See id. at ¶66, citing *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, at ¶34; *State v. Barker*, Cuyahoga App. No. 93574, 2010-Ohio-4480, at ¶4-8; *State v. Redwine*, Brown App. No. CA2009-12-045, 2010-Ohio-3468, at ¶12-14; *State v. Evans*, Medina App. No. 09CA0102-M, 2010-Ohio-2514, at ¶7.

**{¶24}** As a result, Hart could have appealed from the November 7, 2006 Clinton County entry.  Had he appealed from that entry, Hart could have argued that he was not validly on postrelease control and that the Clinton County Court of Common Pleas lacked the authority to sentence Hart for a postrelease control violation.  (If Hart had prevailed on a direct appeal from the November 7, 2006 Clinton County entry, he would

not have been on postrelease control in 2008.  Hart was ostensibly on postrelease control in 2008 only because of the November 7, 2006 Clinton County conviction.)

                              2. The June 12, 2008 Warren County Judgment Entry

**{¶25}**     In the direct appeal from his 2008 Warren County convictions, Hart did not raise the postrelease control arguments that underlie the present case.  Hart argues that he was precluded from raising these arguments because the Clinton County sentencing entries were not part of the record in the Warren County case.  For that reason, Hart argues that the Twelfth District Court of Appeals could not have considered whether the Clinton County entries properly imposed postrelease control.

**{¶26}**     Despite his argument to the contrary, Hart could have raised the postrelease control issue in the direct appeal of his Warren County convictions.  This is so because a court of appeals "may take judicial notice of findings and judgments as rendered in other Ohio cases."  *State ex rel. Ormond v. Solon*, Cuyahoga App. No. 92272, 2009-Ohio-1097, at ¶15, citing *Morgan v. Cincinnati* (1986), 25 Ohio St.3d 285; *In re Adoption of Lassiter* (1995), 101 Ohio App.3d 367; see, also, *In re N.G.*, Lawrence App. No. 09CA15, 2009-Ohio-4915, at ¶14; *State ex rel. Kolkowski v. Lake Cty. Bd. of Commrs.*, Lake App. No. 2008-L-138, 2009-Ohio-2532, at ¶38.  "The Ohio Supreme Court has taken judicial notice of trial court decisions in a number of cases, including *Morgan*[.]" *State/City of Akron v. Kim*, Summit App. No. 24178, 2008-Ohio-6928, at ¶11. Therefore, even if the Clinton County entries were not in the record, Hart could have (1) introduced them on direct appeal and (2) raised the appropriate postrelease control arguments.

                                                        III.

**{¶27}**     Accordingly, Hart had an adequate remedy of law by way of a direct appeal from either (1) the November 7, 2006 Clinton County judgment entry or (2) the June 12, 2008 Warren County judgment entry.  Because he had an adequate remedy at law, Hart is not entitled to habeas corpus relief.  Therefore, we reverse the judgment of the Pickaway County Court of Common Pleas.

**JUDGMENT REVERSED AND CAUSE REMANDED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE REVERSED AND THE CAUSE REMANDED.  Appellee shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

McFarland, P.J. and Abele, J.:  Concur in Judgment and Opinion.

For the Court

BY:_____
        Roger L. Kline, Judge

### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**