SULLIVAN, APPELLANT, *v.* BUNTING, WARDEN, APPELLEE.

[Cite as *Sullivan v. Bunting,* 133 Ohio St.3d 81, 2012-Ohio-3923.]

*Habeas corpus—Writ available only to enforce right to immediate release—Writ unavailable to challenge conditions of parole—New hearing, not release, is remedy for violation of due process in parole revocation.*

(No. 2012-0601—Submitted August 22, 2012—Decided September 5, 2012.)

APPEAL from the Court of Appeals for Marion County, No. 9-12-02.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the court of appeals dismissing the petition of appellant, James Sullivan, for a writ of habeas corpus. Habeas corpus "is proper in the criminal context only if the petitioner is entitled to immediate release from prison or some other physical confinement." *Scanlon v. Brunsman*, 112 Ohio St.3d 151, 2006-Ohio-6522, 858 N.E.2d 411, ¶ 4. Sullivan's prison sentence has not expired, and he "has no inherent or constitutional right to be released before its expiration." *Hunt v. Sheldon*, 127 Ohio St.3d 14, 2010-Ohio-4991, 935 N.E.2d 846, ¶ 1.

{¶ 2} For his claim that the Adult Parole Authority improperly revoked his parole, Sullivan cites no authority supporting release from prison based on a misstatement in the revocation order concerning when he was most recently released on parole. And insofar as Sullivan claims a violation of his due process rights, "[a]s long as an unreasonable delay has not occurred, the remedy for noncompliance with the *Morrissey* [*v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)] parole-revocation due process requirements is a new hearing, not outright release from prison." *State ex rel. Jackson v. McFaul*, 73 Ohio St.3d 185, 188, 652 N.E.2d 746 (1995). Nor did an unreasonable delay occur before he was afforded a constitutionally compliant parole-revocation hearing.

**{¶ 3}** Moreover, the evidence submitted in the court of appeals established that Sullivan agreed to the pertinent parole conditions, he violated them, he received notification of his parole-revocation hearing, he admitted that he had violated one of his parole conditions and that the evidence introduced at the hearing established that he had violated another parole condition, and his parole was properly revoked.

**{¶ 4}** Furthermore, insofar as Sullivan claims that the evidence obtained by his parole officer's search of his e-mail account constituted a criminal act and that evidence obtained from the search could not be used to revoke his parole, he is mistaken. As a condition of his parole, Sullivan agreed to warrantless searches of his person, motor vehicle, or residence at any time and acknowledged that pursuant to R.C. 2967.131, officers of the Adult Parole Authority could conduct warrantless searches of his personal property or property that he had been given permission to use. *See* R.C. 2967.131(C).

**{¶ 5}** Finally, habeas corpus is generally not available to challenge parole conditions that allegedly restrained a petitioner's liberty. *See State ex rel. Smirnoff v. Greene*, 84 Ohio St.3d 165, 168, 702 N.E.2d 423 (1998).

**{¶ 6}** Therefore, the court of appeals properly dismissed Sullivan's habeas corpus petition, and we affirm that judgment.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

James D. Sullivan, pro se.

Michael DeWine, Attorney General, and Gregory T. Hartke, Assistant Attorney General, for appellee.

_____