[Cite as *State v. Wright*, 2016-Ohio-5722.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

STATE OF OHIO,                          :

                                    :       Case No. 15CA14

    Plaintiff-Appellee,        :

                                    :

    vs.                        :       DECISION AND JUDGMENT

                                    :       ENTRY

DELANIO WRIGHT,                         :

                                    :

    Defendant-Appellant.       :       **Released: 09/01/16**

_____

APPEARANCES:

Delanio Wright, Chillicothe, Ohio, Pro Se Appellant.

Anneka Collins, Highland County Prosecuting Attorney, and James Roeder, Assistant Prosecuting Attorney, Hillsboro, Ohio, for Appellee.

_____

McFarland, J.

{¶1} Delanio Wright appeals the trial court's denial of his motion for declaratory judgment, which the court construed as a petition for habeas corpus. On appeal, Appellant contends that the trial court failed to review his claim of a due process violation because Appellant is under the "old law." Because Appellant's petition suffered from multiple fatal filing defects, the trial court should have dismissed it on procedural grounds. Further, because Appellant's petition fails on procedural grounds, we do reach the merits of his sole assignment of error. However, because the trial

court denied the petition on the merits, we reverse the judgment of the trial court and remand this matter with instructions to dismiss the petition.

FACTS

{¶2} We take the bulk of Appellant's factual and case history from the State's brief, as there appears to be an extensive criminal history relevant to this matter that did not occur in Highland County and is not part of the actual record presently before us on appeal. Appellant was originally convicted in Highland County on June 16, 1994 after pleading guilty to three felony offenses. He was sentenced on July 20, 1994 to a term of incarceration of sixteen to fifty years. Appellant's convictions were later affirmed on appeal.

{¶3} Both Appellant and the State represent to this Court that Appellant was released to transitional control after serving approximately twelve and one-half years of his sentence. It appears, according to the State, that Appellant violated his parole as a result of the commission of four new felonies in Franklin County in 2007, that Appellant was convicted for the Franklin County offenses, and that the convictions were affirmed on appeal. The State further represents that Appellant was subsequently sanctioned with a nine-month prison term by the Adult Parole Authority in connection with a May 24, 2012 motion filed by Appellant requesting judicial release. However, Appellant was apparently released by 2013, because both the State

and Appellant represent to this Court that Appellant was arrested and charged with additional felonies in Scioto County in April of 2013. According to paperwork attached to a pleading filed by Appellant in the Highland County court, another parole revocation hearing was held in June of 2013, Appellant's parole was revoked and the Adult Parole Authority imposed a thirty-six month prison term as a parole violation sanction.

{¶4} It appears from the online Scioto County docket and also the State's brief that that Scioto County case was initially filed, dismissed, and then re-filed.  Appellant entered into a plea agreement on the re-filed indictment and was sentenced to two twelve-month prison terms to be served consecutively, but those convictions were subsequently vacated and a superseding indictment was filed.  Appellant again pled guilty and was sentenced on July 6, 2015 to two twelve-month prison terms to be served consecutively.

{¶5} Prior to his sentencing in Scioto County, on June 4, 2015 Appellant filed a pleading entitled "Declaratory Judgment" in the Highland County Court of Common Pleas, the court where his original convictions occurred.  The pleading claimed Appellant was being illegally confined by the Adult Parole Authority and sought release from confinement.  The trial court construed Appellant's pleading to be a petition for habeas corpus and

denied the petition.  It is from the denial of his petition that Appellant now brings the current appeal, setting forth one assignment of error for our review.

ASSIGNMENT OF ERROR

"I.    THE COURT FAILED TO REVIEW THE DEFENDANTS [SIC] CLAIM OF A DUE PROCESS VIOLATION: BECAUSE THE DEFENDANT IS UNDER THE OLD LAW."

LEGAL ANALYSIS

{¶6} In his first assignment of error, Appellant contends that the trial court erred when it failed to review his claim of a due process violation because he is under the "old law."  Appellant argues that the most recent violation of his parole resulted in the Adult Parole Authority imposing a thirty-six month prison sanction upon him when it should have only been permitted to impose a nine-month prison sanction upon him.  Appellant relies upon Chapter 2967 of the Ohio Revised Code in support of his argument.  He specifically argues that R.C. 2967.28(F)(3) provides that the period of a prison term imposed as a sanction shall not exceed nine months. He contends that this provision applies to persons upon whom a court imposed a prison term prior to, on, or after July 1, 1996.  He finally argues that "all pre-S.B.2 sentenced people are receiving this kind of treatment[,]" meaning that other offenders sentenced prior to July 1, 1996 are routinely

having sanctions of more than nine months imposed upon them for parole violations.  However, based upon the following, we do not reach the merits of Appellant's assignment of error.

{¶7} As set forth above, on June 4, 2015, Appellant filed a pro se pleading entitled "Declaratory Judgment."  Because that motion essentially argued that Appellant was being held beyond the time limits provided for in Chapter 2967 of the Ohio Revised Code and sought an immediate release from confinement, the trial court construed the motion as a petition for habeas corpus.  The trial court went on to state that "habeas corpus is generally not available to challenge parole conditions that allegedly restrain a petitioner's liberty[,]" and then denied the petition on the merits.

{¶8} Declaratory judgment is an appropriate means to declare actions of the Adult Parole Authority illegal. *McGrath v. Ohio Adult Parole Authority*, 8th Dist. Cuyahoga No. 84362, 2004-Ohio-6114.  However, it appears when an offender is still incarcerated or being held and is seeking immediate release from confinement, a petition for habeas corpus is now considered the proper means of redress with respect to revocation of parole by the Adult Parole Authority. *State ex rel. Jackson v. McFaul*, 73 Ohio St.3d 185, 652 N.E.2d 746 (1995) (habeas corpus will lie to challenge a decision of the Adult Parole Authority in extraordinary cases involving

parole revocation, but finding this particular case not to be one of those extraordinary cases.)[1]; *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301 (superseded by statute, on other grounds) ("Habeas corpus will lie to challenge certain decisions of the Adult Parole Authority because there is no remedy of appeal available."). Although we agree with the trial court's decision to construe Appellant's pleading as a petition for habeas corpus, we disagree with the trial court's statement that such petition is not appropriate to challenge parole conditions. Nevertheless, the trial court went on to address Appellant's argument on the merits and denied Appellant's petition.

{¶9} As indicated above, for the reasons that follow, we conclude Appellant's petition should have been dismissed on procedural grounds rather than denied on the merits. Habeas corpus petitions are governed by R.C. 2725. They are available to a person who is "unlawfully restrained of his liberty ... to inquire into the cause of such imprisonment, restraint, or deprivation." R.C. 2725.01. An individual may petition for a writ of habeas corpus if his maximum sentence has expired and he is being held unlawfully. *State v. Wilburn*, 4th Dist. Lawrence No. 98CA47, 1999 WL 1281507 (Dec.

---

[1] *State ex rel. Jackson v. McFaul*, overruled *Stahl v. Shoemaker, et al.*, 50 Ohio St.2d 351, 364 N.E.2d 286, which held that "[h]abeas corpus is not available to review an action taken by the Adult Parole Authority." (internal citation omitted).

22, 1999); *Frazier v. Strickrath*, 42 Ohio App.3d 114, 115-116, 536 N.E.2d 1193 (4th Dist.1988).

{¶10} A habeas corpus petition must conform to certain statutory requirements. It must be signed and verified, and it must specify: (A) that the petitioner is imprisoned or restrained of his liberty; (B) the name of the person restraining the petitioner, if known; (C) the place the petitioner is imprisoned or restrained, if known; and (D) it must include a copy of the commitment papers, if the commitment papers can be obtained without impairing the efficiency of the remedy. R.C. 2725.04 and R.C. 2969.25. Further, this Court has noted that the failure to comply with the provisions of R.C. 2969.25 requires the dismissal of the action. *Washington v. Morgan*, 4th Dist. Scioto No. 14CA3664, 2014-Ohio-5834, ¶ 9; *Clay v. Hooks*, 4th Dist. Ross No. 15CA3476, 2015-Ohio-1372, ¶ 12 ("A petitioner's failure to attach all pertinent commitment papers renders the petition fatally defective."); citing *Tucker v. McAninch*, 82 Ohio St.3d 423, 696 N.E.2d 595 (1998) (additional citations omitted). We review a trial court's grant or denial of habeas corpus under a de novo standard. *Hart v. Hudson*, 4th Dist. Pickaway No. 10CA19, 2010-Ohio-5954, ¶ 12; citing *Tierney v. Tierney*, 11th Dist. Trumbull No. 2007-T-0095, 2008-Ohio-2755, ¶ 15; citing *Young*

*v. Brunsman*, 4th Dist. Ross No. 06CA2938, 2008-Ohio-64, at ¶ 13 (other citations omitted).

{¶11} Here, Appellant's petition did not include a copy of his commitment papers nor is his petition verified as required by R.C. 2725.04. Further, although Appellant referenced convictions in other counties and previous parole revocations and sanctions, he failed to file an affidavit that contained a description of each civil action or appeal he has filed in the past five years as required by R.C. 2969.25(A). Thus, Appellant's petition was defective for failure to comply with the filing requirements set forth in both R.C. 2725.04 and 2960.25(A) and should have been dismissed on procedural grounds by the trial court, rather than denied on the merits.

{¶12} Further, even if Appellant's petition had satisfied the filing requirements, we find Appellant failed to establish he was entitled to habeas corpus relief for additional procedural, rather than substantive, reasons. Although it is not contained in the record before us, we take judicial notice of the fact that the record in Appellant's 2013 Scioto County criminal case, identified on the Scioto County docket as 13CR000776B, states that Appellant was arrested and charged with multiple felonies on April 30, 2013. *Ogle v. Hocking Cty. Sheriff*, 4th Dist. Hocking No. 11AP13, 2012-Ohio-1768, ¶ 2; citing *Hart v. Hudson, supra,* at ¶ 26 (stating that "a court of

appeals may take judicial notice of findings and judgments as rendered in other Ohio cases") (internal quotation omitted).  The appellate record before us reveals that a parole revocation hearing was held on June 10, 2013. Appellant's parole was revoked by the Adult Parole Authority on June 27, 2013, and a thirty-six month prison sanction was imposed upon him at that time.  The paperwork Appellant attached to his petition below indicates Appellant's thirty-six month sanction would be completed in May of 2016, at which time Appellant would be eligible for release consideration.  Thus, at this time, Appellant has already completed this thirty-six month prison sanction and the question of whether he is being illegally confined by the Adult Parole Authority is moot.[2]

{¶13} Additionally, Appellant cannot demonstrate he is now entitled to immediate release as he is still serving the twenty-four month sentence imposed by the Scioto County Common Pleas Court.  Taking judicial notice of the Ohio Department of Rehabilitation and Corrections website, it appears that Appellant was admitted to prison and began serving his Scioto County sentence on July 7, 2015, and he is not scheduled to complete that sentence until December 18, 2016. *State v. Bell*, 2nd Dist. Montgomery No. 24665, 2011-Ohio-6799 (taking judicial notice that an offender's name no longer

---

[2] It is appropriate to consider evidence outside the appellate record in determining whether an appeal is moot or justiciable. *State v. Popov*, 4th Dist. Lawrence No. 10CA26, 2011-Ohio-372, ¶ 4.

appeared on the Ohio Department of Rehabilitations and Corrections website).  Thus, Appellant is not entitled to immediate release from confinement as he is still serving a court-imposed sentence.  Habeas will not lie where the petitioner cannot demonstrate he is entitled to immediate release from confinement.  " '[H]abeas corpus is proper in the criminal context only if the petitioner is entitled to immediate release from prison or some other physical confinement.' " *Keith v. Bobby*, 117 Ohio St.3d 470, 2008-Ohio-1443, 884 N.E.2d 1067, ¶ 12; quoting *Scanlon v. Brunsman*, 112 Ohio St.3d 151, 2006-Ohio-6522, 858 N.E.2d 411, ¶ 4.

{¶14} Accordingly, because Appellant's petition suffered from multiple fatal filing defects, the trial court should have dismissed it on procedural grounds.  However, because the trial court denied the petition on the merits, we reverse the judgment the trial court and remand this matter with instructions to dismiss the petition.

**JUDGMENT REVERSED AND REMANDED.**

Harsha, J., dissenting:

{¶15} I disagree with the portion of the opinion adopting "the bulk of Appellant's factual and case history from the State's brief" insofar as these facts are not supported by either the record on appeal or facts that are susceptible of judicial notice.

{¶16} Moreover, I disagree with the majority's suggestion that the trial court was incorrect when it stated that habeas corpus is generally not available to challenge parole conditions. *See generally Sullivan v. Bunting*, 133 Ohio St.3d 81, 2012-Ohio-3923, 975 N.E.2d 999, ¶ 15 ("habeas corpus is generally not available to challenge parole conditions that allegedly restrained a petitioner's liberty").

{¶17} The majority opinion is correct that the merits of Wright's claim were not properly before the trial court because the petition was fatally defective and subject to dismissal because it did not comply with the verification and commitment-paper requirements of R.C. 2725.04. *See Hughley v. Saunders*, 123 Ohio St.3d 90, 2009-Ohio-4089, 914 N.E.2d 317, ¶ 1. However, I would simply affirm the judgment denying the petition, albeit on the procedural basis noted by the majority. *See State v. Marcum*, 4th Dist. Hocking No. 14CA13, 2014-Ohio-5373, ¶ 27, quoting *Stammco, L.L.C. v. United Tel. Co. of Ohio*, 136 Ohio St.3d 231, 2013-Ohio-3019, 994

N.E.2d 408, ¶ 51 (" 'a reviewing court should not reverse a correct judgment

merely because it is based on erroneous reasons' ").

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that Appellant recover of Appellee any costs herein.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J.:    Concurs in Judgment Only.
Harsha, J.:  Dissents with Dissenting Opinion.

For the Court,

BY:  _____
Matthew W. McFarland, Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**