[Cite as *State ex rel. Womack v. Sloan*, 2017-Ohio-616.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel. JOE RICHARD WOMACK, | : | **PER CURIAM OPINION** |
| | : | |
| Petitioner, | : | **CASE NO. 2015-A-0051** |
| - vs - | : | |
| BRIGHAM SLOAN, WARDEN, et al., | : | |
| Respondents. | : | |

Original Action for Writ of Habeas Corpus.

Judgment: Petition dismissed.

*Joe Richard Womack*, pro se, PID: A480-111, Lake County Correctional Institution, P.O. Box 8000, 501 Thompson Road, Conneaut, OH 44030 (Petitioner).

*Mike DeWine*, Ohio Attorney General, State Office Tower, 30 East Broad Street, 25th Floor, Columbus, OH 43215 (For Respondents).

PER CURIAM.

{¶1} Petitioner, Joe Richard Womack, seeks a writ of habeas corpus to compel the Ohio Adult Parole Authority to conduct a new hearing regarding his alleged parole violation. Respondent, Warden Brigham Sloan of the Lake Erie Correctional Institution, moves to dismiss on the grounds that the relief requested is not warranted. The motion to dismiss is granted.

{¶2} Petitioner's claim for relief is based upon the following allegations: (1) in

April 2014, petitioner was released from a state prison on parole; (2) two weeks later, he was summoned to a local parole office and required to submit a urine sample; (3) a preliminary test of the sample indicated that his urine contained buprenorphine; (4) as a result of the positive test, petitioner was arrested and charged with a parole violation; (5) petitioner immediately requested that the remainder of the sample be sent to a lab for a confirmation test, but was informed such a test would not be performed unless he paid the sum of $35 within three days; (6) since petitioner was indigent, the confirmation test was never performed; and (7) after a final hearing in June 2014, petitioner's parole was revoked, and he is presently incarcerated in Warden Sloan's facility.

{¶3}    Petitioner further asserts that, since he did not take any unapproved drugs after his release, the results of the confirmation test would have been negative.  Thus, he claims the $35 requirement violated his rights to due process and equal protection. For his ultimate relief, he requests an order requiring the Adult Parole Authority to hold a new revocation hearing in which the results of the preliminary test of the sample would not be admissible.

{¶4}    "The revocation of parole implicates constitutional liberty interests, such that the parolee is entitled to certain due-process protections, among them the right to a hearing.  *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)." *Scarberry v. Turner*, 139 Ohio St.3d 111, 2014-Ohio-1587, ¶13.  When the violation of the parolee's due process consists of an unreasonable delay in the revocation hearing, a writ of habeas corpus can lie to compel the parolee's release from prison.  *See State ex rel. Jackson v. McFaul*, 73 Ohio St.3d 185, 188, 652 N.E.2d 746 (1995).  However, in all other circumstances, a due process violation will only entitle the parolee to a new

revocation hearing; thus, since the parolee is not entitled to immediate release, a writ of habeas corpus will not lie. *Id.*; *Sullivan v. Bunting*, 133 Ohio St.3d 81, 2012-Ohio-3923, 975 N.E.2d 999.

{¶5} In responding to Warden Sloan's motion to dismiss, petitioner expressly states, consistent with the prayer for relief in his petition, that he did not bring this action to obtain his immediate release from prison. Instead, he asserts that he only seeks a new revocation hearing. Pursuant to the foregoing case law, a writ of habeas corpus cannot be granted for that purpose. Accordingly, petitioner has failed to state a viable claim for the writ, and the dismissal of his petition is warranted under Civ.R. 12(B)(6).

{¶6} Respondent Sloan's motion to dismiss is granted, and judgment is hereby entered in his favor as to the entire amended habeas corpus petition. For the same reasons, it is the sua sponte order of this court that the amended habeas corpus petition is also dismissed as to respondent Ohio Adult Parole Authority.

CYNTHIA WESTCOTT RICE, P.J., TIMOTHY P. CANNON, J., THOMAS R. WRIGHT, J., concur.

3