[This decision has been published in *Ohio Official Reports* at 91 Ohio St.3d 469.]

THE STATE EX REL. KEY, APPELLANT, *v.* SPICER, JUDGE, APPELLEE.

[Cite as *State ex rel. Key v. Spicer*, 2001-Ohio-98.]

*Prohibition—Writ to vacate relator's conviction and sentence for complicity to commit aggravated robbery—Court of appeals' dismissal of complaint affirmed.*

(No. 00-2184—Submitted March 13, 2001—Decided May 23, 2001.)

APPEAL from the Court of Appeals for Summit County, No. 20300.

_____

*Per Curiam.*

{¶ 1} In 1986, the Summit County Court of Common Pleas convicted appellant, Phillip R. Key, of complicity to commit aggravated robbery and sentenced him to prison. On appeal, the judgment was affirmed. *State v. Key* (Oct. 1, 1986), Summit App. No. 12568, unreported, 1986 WL 11318. The presiding judge of the common pleas court had assigned appellee, Judge W.F. Spicer, a judge of the probate division, to preside over Key's criminal case.

{¶ 2} In October 2000, Key filed a complaint in the Court of Appeals for Summit County for a writ of prohibition to vacate his 1986 conviction and sentence. Key claimed that Judge Spicer had been improperly assigned to the case. In October 2000, the court of appeals dismissed the complaint.

{¶ 3} This cause is now before the court upon an appeal as of right.

{¶ 4} Key asserts that the court of appeals erred by dismissing his prohibition action. In the absence of a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging that jurisdiction has an adequate remedy at law by appeal. *Brooks v. Gaul* (2000), 89 Ohio St.3d 202, 203, 729 N.E.2d 752, 753. No patent and unambiguous lack of jurisdiction is evident here. R.C. 2931.01 does

not disqualify a probate court judge from presiding over criminal cases. See *State v. Bays* (1999), 87 Ohio St.3d 15, 28, 716 N.E.2d 1126, 1140-1141; *State v. Cotton* (1978), 56 Ohio St.2d 8, 10 O.O.3d 4, 381 N.E.2d 190, paragraph four of the syllabus.

{¶ 5} In addition, a claim of improper assignment of a judge can generally be adequately raised by way of appeal. See, *e.g., State ex rel. Berger v. McMonagle* (1983), 6 Ohio St.3d 28, 30, 6 OBR 50, 52, 451 N.E.2d 225, 227-228 (mandamus and prohibition no substitute for appeal to contest alleged improper assignment of judge).

{¶ 6} Further, Key's claim that his 1986 criminal trial occurred in probate court is refuted by the sentencing entry attached to his complaint, which establishes that he was tried, convicted, and sentenced in the general division of the common pleas court.

{¶ 7} Finally, to the extent that Key's claim could be construed to request his release from prison, habeas corpus, not prohibition, is the appropriate remedy. *Kirklin v. Enlow* (2000), 89 Ohio St.3d 455, 456, 732 N.E.2d 982, 983.

{¶ 8} Based on the foregoing, Key's prohibition action was meritless and dismissal was warranted. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*Phillip R. Key, pro se.*

*Sherri Bevan Walsh*, Summit County Prosecuting Attorney, and *Philip D. Bogdanoff*, Assistant Prosecuting Attorney, for appellee.

_____