THE STATE EX REL. KEITH, APPELLANT, *v.* MCMONAGLE, JUDGE, ET AL., APPELLEES.

[Cite as *State ex rel. Keith v. McMonagle,*
106 Ohio St.3d 61, 2005-Ohio-3669.]

(No. 2005-0255—Submitted June 15, 2005—Decided August 3, 2005.)

---

**Per Curiam.**

{¶ 1} This is an appeal from a judgment denying a writ of mandamus to compel a trial court judge to rule on certain motions in three criminal cases.

{¶ 2} On December 18, 2003, appellant, Jeffrey C. Keith, an inmate at Lorain Correctional Institution, filed a petition in the Court of Appeals for Cuyahoga County. Keith sought a writ of mandamus to compel appellee, Cuyahoga County Common Pleas Court Judge Richard McMonagle, to rule on certain motions filed by Keith in three criminal cases in the common pleas court. Keith claimed that

the common pleas court judges presiding over those criminal cases, appellees Judge Daniel Gaul and Judge Joseph Cirigliano, lacked jurisdiction to rule on his motions because they had been improperly appointed. Judge McMonagle moved for summary judgment because the criminal cases were assigned to Judge Gaul and Judge Cirigliano, not to him.

{¶ 3} On May 18, 2004, the court of appeals issued an entry finding that Judge McMonagle was not the assigned judge in the underlying criminal cases and that Judge Gaul and Judge Cirigliano were the properly assigned judges. The court of appeals sua sponte added Judge Gaul and Judge Cirigliano as respondents and invited the prosecuting attorney "to submit another motion for summary judgment, demonstrating that the subject motions have been resolved by the proper judges."

{¶ 4} Keith appealed the entry, and we dismissed it because it did not constitute a final appealable order. *State ex rel. Keith v. McMonagle,* 103 Ohio St.3d 430, 2004-Ohio-5580, 816 N.E.2d 597.

{¶ 5} Judge Gaul and Judge Cirigliano moved for summary judgment on Keith's mandamus claim because in June 2004, they denied the motions for which he requested rulings. In January 2005, the court of appeals granted the judges' motions and denied the writ.

{¶ 6} We affirm the judgment of the court of appeals. Insofar as Keith requested rulings on his motions, he has now received them. See *State ex rel. Natl. City Bank v. Maloney,* 103 Ohio St.3d 93, 2004-Ohio-4437, 814 N.E.2d 58, ¶ 10, quoting *State ex rel. Chapnick v. E. Cleveland City School Dist. Bd. of Edn.* (2001), 93 Ohio St.3d 449, 451, 755 N.E.2d 883 (" 'Mandamus does not lie to compel an act that has already been performed' ").

{¶ 7} Moreover, he has or had an adequate remedy by appeal from these rulings to raise his claim that Judge Gaul and Judge Cirigliano were improperly assigned to his criminal cases. See *State ex rel. Key v. Spicer* (2001), 91 Ohio St.3d 469, 746 N.E.2d 1119 ("a claim of improper assignment of a judge can generally be adequately raised by way of appeal"); *State ex rel. Berger v. McMonagle* (1983), 6 Ohio St.3d 28, 30, 6 OBR 50, 451 N.E.2d 225 (mandamus and prohibition are not substitutes for appeal to contest alleged improper assignment of judge).

{¶ 8} Finally, the court of appeals did not abuse its discretion by adding Judge Gaul and Judge Cirigliano to the case after Judge McMonagle introduced evidence that they were the judges assigned to Keith's criminal cases. See Civ.R. 21 ("Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just").

{¶ 9} Based on the foregoing, the court of appeals did not err in denying the writ of mandamus. Accordingly, we affirm the judgment of the court of appeals.[1]

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

---

Jeffrey C. Keith, pro se.

---

1. Keith moves for default judgment based on appellees' failure to file a merit brief. We deny the motion because Keith's brief does not "reasonably appear[ ] to sustain reversal." S.Ct.Prac.R. VI(7); see, also, *State ex rel. White v. Goldsberry* (1999), 85 Ohio St.3d 153, 155, 707 N.E.2d 496, fn. 1.