KEITH, APPELLANT, v. BOBBY, WARDEN, APPELLEE.

[Cite as *Keith v. Bobby,* 117 Ohio St.3d 470, 2008-Ohio-1443.]

(No. 2007–1982—Submitted March 25, 2008—Decided April 2, 2008.)

————————

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing a habeas corpus petition. Because the petition fails to state a viable habeas corpus claim, we affirm.

{¶ 2} In 1995, Judge Daniel Gaul of the Cuyahoga County Court of Common Pleas convicted appellant, Jeffrey C. Keith, upon a jury verdict, of five counts of arson and one count of grand theft of a motor vehicle and sentenced him to an aggregate prison term of 15 to 25 years. The court of appeals affirmed the judgment. *State v. Keith* (Mar. 13, 1997), Cuyahoga App. No. 69267, 1997 WL 113755.

{¶ 3} In 1997, Judge Joseph E. Cirigliano of the Cuyahoga County Court of Common Pleas convicted Keith, upon a jury verdict, of three counts of theft, one count of Medicaid fraud, one count of securing writings by deception, one count of

forgery, and one count of uttering a forged instrument and sentenced him to an aggregate prison term of ten and one-half years, to be served consecutively to his prior sentence. The court of appeals affirmed the judgment. *State v. Keith* (Oct. 22, 1998), Cuyahoga App. No. 72275, 1998 WL 742172.

{¶ 4} In 1999, Judge Cirigliano, in the Cuyahoga County Court of Common Pleas, convicted Keith, upon a jury verdict, of two counts of uttering a forged instrument, one count of attempted aggravated theft, one count of tampering with evidence, one count of grand theft, and one count of forgery and sentenced him to an aggregate prison term of five years. The court of appeals affirmed. *State v. Keith* (Aug. 17, 2000), Cuyahoga App. Nos. 76469, 76479, and 76610, 2000 WL 1176886.

{¶ 5} In 1998, Keith filed a document in his first criminal case requesting a hearing under Crim.R. 33(B), which the state opposed as a motion for new trial. In 2002, Keith filed a motion for leave to file a motion for new trial, and the state responded with a motion to dismiss. Judge Cirigliano granted the state's motion and dismissed Keith's motion for leave. The court of appeals dismissed Keith's appeal because Judge Cirigliano had not been properly assigned to hear the postconviction motions:

{¶ 6} "Since Judge Cirigliano had no authority to enter the order granting the state's motion to dismiss, the judgment is void. It necessarily follows that no appeal can be taken from a void judgment." *State v. Keith*, Cuyahoga App. No. 81125, 2002-Ohio-7250, 2002 WL 31875968, ¶ 8.

{¶ 7} On Keith's motion, the court later dismissed his appeals from postconviction rulings by Judge Cirigliano in the other two criminal cases.

{¶ 8} In April 2007, Keith filed a petition in the Court of Appeals for Portage County for a writ of habeas corpus to compel appellee, Trumbull Correctional Institution Warden David Bobby, to immediately release him from prison. Keith claimed that his convictions and sentences were void because, based on the Cuyahoga County Court of Appeals' rulings, neither Judge Cirigliano nor Judge Gaul had jurisdiction to convict and sentence him. Keith further claimed that because no judge had been properly assigned to his criminal cases, he lacked an adequate remedy at law to compel rulings on his pending motions in those cases. Keith finally claimed a pattern of corrupt activity, including fraud, by the state in the prosecution of his criminal cases and the use of perjured testimony. Warden Bobby filed a motion to dismiss.

{¶ 9} In September 2007, the court of appeals granted the warden's motion and dismissed Keith's petition for failure to state a claim upon which relief can be granted.

{¶ 10} In his appeal as of right, Keith asserts that the Court of Appeals for Portage County erred in dismissing his petition. Dismissal under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted is appropriate if, after all factual allegations are presumed true and all reasonable inferences are made in Keith's favor, it appears beyond doubt that he could prove no set of facts entitling him to the requested extraordinary relief in habeas corpus. *State ex rel. Turner v. Houk*, 112 Ohio St.3d 561, 2007-Ohio-814, 862 N.E.2d 104, ¶ 5. For the following reasons, the court of appeals' denial of Keith's habeas corpus petition was proper.

{¶ 11} First, as the court of appeals correctly concluded, the appellate judgment in *Keith*, Cuyahoga App. No. 81125, 2002-Ohio-7250, 2002 WL 31875968, merely held that Judge Cirigliano's order granting a motion to dismiss Keith's motion for leave to file a motion for new trial in his first criminal case was void; the court of appeals did not hold that Judge Gaul's sentence of Keith to an aggregate prison term of 15 to 25 years in that criminal case was void.

{¶ 12} Second, because Keith's initial sentence is not void and has not expired, Keith is not entitled to a writ of habeas corpus. "[H]abeas corpus is proper in the criminal context only if the petitioner is entitled to immediate release from prison or some other physical confinement." *Scanlon v. Brunsman*, 112 Ohio St.3d 151, 2006-Ohio-6522, 858 N.E.2d 411, ¶ 4.

{¶ 13} Third, even assuming the invalidity of Keith's second and third criminal sentences, he is not entitled to the writ, because he is still properly incarcerated on his first sentence. "Where a petitioner is incarcerated for several crimes, the fact that the sentencing court may have lacked jurisdiction to sentence him on one of the crimes does not warrant his release in habeas corpus." *Swiger v. Seidner* (1996), 74 Ohio St.3d 685, 687, 660 N.E.2d 1214; see also *Haynes v. Voorhies*, 110 Ohio St.3d 243, 2006-Ohio-4355, 852 N.E.2d 1198, ¶ 7.

{¶ 14} Fourth, as we held in another writ case involving Keith, "he has or had an adequate remedy by appeal from [the trial court's] rulings to raise his claim that Judge Gaul and Judge Cirigliano were improperly assigned to his criminal cases." *State ex rel. Keith v. McMonagle*, 106 Ohio St.3d 61, 2005-Ohio-3669, 831 N.E.2d 433, ¶ 7; see also *State ex rel. Key v. Spicer* (2001), 91 Ohio St.3d 469, 746 N.E.2d 1119 ("a claim of improper assignment of a judge can generally be adequately raised by way of appeal"); *State ex rel. Berger v. McMonagle* (1983), 6 Ohio St.3d 28, 30, 6 OBR 50, 451 N.E.2d 225 (mandamus and prohibition are not substitutes for appeal to contest alleged improper assignment of judge).

{¶ 15} Fifth, Keith's claims of fraud upon the court, prosecutorial misconduct, and perjured testimony are not cognizable in habeas corpus. *Williamson v. Williams*, 103 Ohio St.3d 25, 2004-Ohio-4111, 812 N.E.2d 1283, ¶ 3 (prosecutorial

misconduct and perjured testimony); *Howard v. Randle,* 95 Ohio St.3d 281, 2002-Ohio-2122, 767 N.E.2d 268, ¶ 6 (fraud).

{¶ 16} Finally, insofar as Keith requests rulings on various motions, he has either received them, see *Keith,* 106 Ohio St.3d 61, 2005-Ohio-3669, 831 N.E.2d 433, ¶ 6, or should use procedendo to obtain them. See *State ex rel. Bd. of State Teachers Retirement Sys. of Ohio v. Davis,* 113 Ohio St.3d 410, 2007-Ohio-2205, 865 N.E.2d 1289, ¶ 34 ("procedendo is the appropriate remedy when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment"). The mere failure to timely rule on postjudgment motions does not entitle Keith to release from prison.

{¶ 17} Based on the foregoing, we affirm the court of appeals' dismissal of Keith's petition because it failed to state a viable habeas corpus claim. This holding renders moot Keith's motion for summary judgment and the warden's motions to strike.

*Judgment affirmed.*

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, LANZINGER, and CUPP, JJ., concur.

O'DONNELL, J., not participating.

———

Jeffrey C. Keith, pro se.

Marc Dann, Attorney General, and Diane Mallory, Assistant Attorney General, for appellee.