[Cite as *Lingo v. State*, 2012-Ohio-2391.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 97537**

---

# MICHAEL A. LINGO, ET AL.

PLAINTIFFS-APPELLEES

vs.

# STATE OF OHIO, ET AL.

DEFENDANTS

# [APPEAL BY RAYMOND J. WOHL, CLERK OF BEREA MUNICIPAL COURT

DEFENDANT-APPELLANT]

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-564761

**BEFORE:** Cooney, J., Celebrezze, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** May 31, 2012

**ATTORNEYS FOR APPELLANT**

**For Raymond J. Wohl, Clerk of Court**
**Berea Municipal Court**

David M. Cuppage
Scott D. Simpkins
Climaco, Wilcox, Peca, Tarantino & Garofoli Co., L.P.A.
55 Public Square
Suite 1950
Cleveland, OH 44113

James N. Walters, III
City of Berea Director of Law
31 E. Bridge Street, Ste. 302
P.O. Box 297
Berea, OH 44017-0297


**AMICUS CURIAE**

**For Thomas E. Day, Jr., Clerk of Court**
**Bedford Municipal Court**, et al.

Ronald A. Mingus
Brent S. Silverman
Reminger Co., L.P.A.
1400 Midland Building
101 Prospect Avenue, West
Cleveland, OH 44115-1093

**For Lindsay P. Jones, Former Clerk of Court,**
**South Euclid Municipal Court, et al.**

Colleen Moran O'Neil
Calfee, Halter & Griswold, L.L.P.
1400 McDonald Investment Ctr.
800 Superior Avenue
Cleveland, OH 44114-2688

**For Andrea White, Clerk of Court
Kettering Municipal Court**

Theodore A. Hamer, III
Law Director
Law Department, City of Kettering
3600 Shroyer Road
Kettering, OH 45429

Adam C. Armstrong
Wayne E. Waite
Freund, Freeze & Arnold
1800 First Third Building
1 South Main Street
Dayton, OH 45402

**ATTORNEYS FOR APPELLEES**

**For Michael A. Lingo, et al.**

W. Craig Bashein
Bashein & Bashein Co., L.P.A.
Terminal Tower, 35th Floor
50 Public Square
Cleveland, OH 44113-2216

Paul W. Flowers
Paul W. Flowers Co., L.P.A.
Terminal Tower, 35th Floor
50 Public Square
Cleveland, OH 44113

Frank Gallucci, III
Plevin & Gallucci Co.
55 Public Square
Suite 2222
Cleveland, OH 44113

Patrick J. Perotti
Dworken & Bernstein Co., L.P.A.
60 South Park Place
Painesville, OH 44077

**For State of Ohio**

Mike DeWine
Ohio Attorney General

Holly J. Hunt
Frank M. Strigari
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 17th Floor
Columbus, OH 43215-3428

**For State of Ohio, Department of Treasury**

Pearl M. Chin
Damian W. Sikora
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, OH 43215-3428

COLLEEN CONWAY COONEY, J.:

{¶1} Defendant-appellant Raymond J. Wohl ("Wohl"), the Clerk of Court of the Berea Municipal Court, appeals the trial court's certification of a class action against him, in his official capacity, and grant of a declaratory judgment, an injunction, and equitable restitution related to the alleged overcharge of court costs. Plaintiffs-appellees, Michael A. Lingo ("Lingo"), Gregory B. Williams ("Williams"), and William C. Glick ("Glick") (collectively referred to as "appellees"), who represent the class, cross-appeal the trial court's definition of the class, the court's refusal to certify a class of defendants, and the court's exclusion of "special project costs" from the list of damages. We find merit to Wohl's appeal and reverse.

{¶2} In August 2004, Middleburg Heights police stopped Glick for driving under the influence of alcohol ("DUI"). The city charged him with two violations: DUI and a lane violation ("weaving"). Glick appeared before the Berea Municipal Court on those charges and, with assistance of counsel, entered into a plea agreement wherein he pled guilty to an amended charge of reckless operation. The DUI and lane violation charges were dismissed. Glick admitted at deposition that he agreed to pay court costs for both charges as part of the plea agreement even though the lane violation charge was dismissed. Glick readily paid the court costs for both the reckless operation and the lane violation charges, and never appealed his conviction or sentence.

{¶3} As a result of Glick's case in the Berea Municipal Court and Lingo's and Williams's similar experiences in the Parma and Rocky River Municipal Courts, the three men instituted this class action. In their first amended complaint, appellees allege that

municipal, county, and mayor's courts ("statutory courts") throughout Ohio have been "exceeding their jurisdiction and authority" by impermissibly imposing excessive court costs against defendants who appear in those courts. Appellees allege they were charged in excess of the statutorily authorized amount of court costs on a "per offense" basis rather than a "per case" basis.

{¶4} Appellees also allege that statutory courts, including the Berea Municipal Court, have been charging costs for offenses that have been nolled or dismissed, and have been assessing "special project fees" at the conclusion of cases rather than upon filing, as required by statute. They assert that these practices deny defendants the right to know what a plea to any particular charge will cost prior to entering a guilty or no contest plea.

{¶5} In their prayer for relief, appellees requested a declaratory judgment against Wohl, the Berea Municipal Court, and other Ohio statutory courts, declaring that court costs assessed against misdemeanants are permitted solely on a "per case" and not a "per offense" basis. They also sought restitution of improperly collected court costs and an injunction to enjoin courts from imposing unlawful court costs on other defendants.

{¶6} Appellees moved for class certification, asserting that their claims represent the claims of all similarly situated misdemeanants throughout Ohio. As part of the action, they sought certification of a defendant class, consisting of clerks of every municipal, county, and mayor's court, who "exceeded their jurisdiction" by collecting excessive fees as alleged in the complaint.[1]

_____

[1]Appellees originally sued the state of Ohio and later amended the complaint to include the

**{¶7}** Wohl filed a motion to dismiss and a motion for summary judgment arguing that appellees' claims should be dismissed for lack of subject matter jurisdiction and as barred by res judicata. He argued that appellees' claims were barred by res judicata because they should have filed a direct appeal of their sentences to challenge the imposition of court costs rather than filing a separate lawsuit in the common pleas court. In this same vein, Wohl claimed that because appellees had a remedy by direct appeal, the trial court lacked subject matter jurisdiction to review the allegedly erroneous imposition of court costs. The trial court rejected these arguments and found that "to the extent that the Berea Municipal Court acted outside its jurisdiction in imposing costs, the order of costs * * * is void ab initio."

**{¶8}** Wohl also argued that both he and the Berea Municipal Court are immune from liability under the doctrine of judicial immunity, and that appellees' claims are moot under the doctrine of release and satisfaction. The trial court disagreed and found that Wohl unlawfully charged court costs on a dismissed charge, which is outside the court's directive, and is therefore not protected by immunity. The court also found that judicial immunity does not protect against claims for equitable relief, including the declaratory judgment, injunction, and restitution sought by appellees.

**{¶9}** The court granted appellees' motion for summary judgment in part, and denied it in part. It granted appellees' claims for declaratory judgment and held:

---

Ohio Treasury Department as defendants because some of the funds collected by statutory courts are deposited with the Ohio Treasury Department. The trial court granted summary judgment in favor these defendants, and appellees do not challenge those judgments on appeal.

{50} * * *  Plaintiff Glick was charged the following fees multiple times; General Court Costs, Computer Maintenance Fund, Computer Research Fund, Construction Fund, and Processing Fee.   The Court hereby finds and does declare that each of these fees, with the exception of "General Court Costs," constitute special project fees and thus may be assessed on a "per charge" basis.   O.R.C. 1901.26(B); See *City of Middleburg Hts. v. Quinones*, 120 Ohio St.3d 534, 2008-Ohio-6811.   General Court Costs do not fall under O.R.C. 1901.26(B) and thus must be charged on a "per case" basis. The Court hereby declares that the Plaintiff was improperly charged General Court Costs a second time, when he should have been charged only once.

{51} This Court further declares that the Computer Maintenance Fee, Computer Research Fee and Construction Fee were improperly charged a second time.   Although these fees may be assessed on a "per charge" basis, they may not be assessed on dismissed claims.  *City of Cleveland v. Tighe* (April 10, 2003), 8th Dist. No. 81767, 2003-Ohio-1845.  As the Weaving Count against the Plaintiff, William Glick, was dismissed and only the Reckless Operation Count remained, this Court finds and does declare that Defendant Raymond Wohl improperly charged the Computer Maintenance Fee, the Computer Research Fee and Construction Fee on the dismissed charge.

{52} In addition, the Court does hereby find and declare that the $2.00 Processing Fee identified in the Berea Municipal Court schedule of court costs was improperly charged for each instance that it was assessed.   This Processing fee is to be applied when Court Costs are paid by credit card. Deposition of Raymond Wohl at p.51.[2]    The Plaintiff's receipt from the Clerk's Office reflects that the costs were paid in cash and therefore the

---

[2]Wohl testified at deposition that he is not sure whether this fee is charged to everyone or whether it is limited to those who use a credit card.   He stated he is authorized by statute to charge this processing fee.

$2.00 Processing fee was improperly charged. Plaintiff's Cross Motion for Summary Judgment Exhibit 2 p. 16.

**{¶10}** In granting appellees' claims for injunctive relief, the court ordered:

{55} * * * The Defendant Raymond Wohl, Clerk of the Berea Municipal Court is hereby ordered to refrain from charging costs on dismissed counts, to refrain from charging "general court costs" on a per charge basis, and to refrain from charging offenders a processing fee when they pay their costs in cash.

**{¶11}** As for appellees' claims for equitable relief, the trial court ordered:

{56} * * * This Court having already determined that the Defendant Raymond Wohl, Clerk of the Berea Municipal Court, improperly collected court costs, finds it unjust to allow Defendant Wohl to retain such funds and hereby finds in favor of Plaintiff William Glick on his claim for restitution. The improperly collected funds are as follows: General Court Costs $56.00 (1x), Computer Maintenance Fee $7.00 (1x), Computer Research Fee $3.00, Construction Fund $15.00 (1x), and Court Processing Fee (2x). The total of the improperly collected and unjustly retained funds is $85.00. This Court hereby grants Plaintiff's Motion for Summary Judgment on their claim for Restitution and hereby orders that the Defendant issue a refund to the Plaintiff William Glick in the amount of $85.00.

{¶12} Appellees proposed alternative groups to represent the class including: "All individuals who paid court costs on or after June 8, 1995 to an Ohio court, or mayor's court in excess of the amount specially permitted by a valid statute."

{¶13} The trial court granted appellees' motion to certify a class action, but amended the definition of the class as follows:

> ALL INDIVIDUALS WHO PAID COURT COSTS ON OR AFTER JUNE 8, 1995 TO THE BEREA MUNICIPAL COURT UNDER ANY OF THE FOLLOWING CIRCUMSTANCES:
>
> A. PAYING "GENERAL COURT COSTS" ON A "PER OFFENSE" INSTEAD OF A "PER CASE" BASIS.
>
> B. PAYING COSTS UPON OR IN CONNECTION WITH ANY OFFENSE THAT DID NOT RESULT IN A CONVICTION, EXCEPT WHERE THE INDIVIDUAL AFFIRMATIVELY AGREED TO ACCEPT SUCH CHARGES AS PART OF A PLEA AGREEMENT MEMORIALIZED IN A VALID JOURNAL ENTRY.
>
> C. BEING ASSESSED A "PROCESSING FEE" WHEN PAYING FOR COURT COSTS IN CASH.

{¶14} Wohl now appeals, raising nine assignments of error. Appellees cross-appeal and raise three assignments of error. We turn first to Wohl's ninth assignment of error because it is dispositive.

{¶15} In this assigned error, Wohl argues the trial court erred by granting appellees' motion for class certification. He contends the trial court abused its discretion by certifying the class for several reasons including the fact that appellees lack standing to pursue their claims because their claims were barred by res judicata. In separate assignments of error, Wohl argues that because appellees had an adequate remedy at law

through a direct appeal, their claims are barred by res judicata and the trial court lacked subject matter jurisdiction to hear this case. Although the denial of dispositive motions involving res judicata and lack of subject matter jurisdiction are generally not final, appealable orders, they are relevant to our review of the trial court's decision to certify this case as a class action.[3] R.C. 2505.02(B)(5) expressly provides that class certification is a final, appealable order.

{¶16} A trial court has broad discretion in determining whether a class action may be maintained and such determination will not be disturbed absent a showing of an abuse of discretion. *Marks v. C.P. Chem. Co.*, 31 Ohio St.3d 200, 509 N.E.2d 1249 (1987). However, the trial court's discretion in deciding whether to certify a class action is not unlimited, and "is bounded by and must be exercised within the framework of Civ.R. 23." *Hamilton* at 70. The court's power to certify a class action is also limited to the extent of its jurisdiction. If the court lacks subject matter jurisdiction to hear the case, it also lacks authority to certify the case as a class action.

{¶17} Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction

---

[3]Jurisdiction is relevant when determining class certification because in order to represent the class, class members must have proper standing. *Hamilton v. Ohio Sav. Bank*, 82 Ohio St.3d 67, 70, 1998-Ohio-365, 694 N.E.2d 442. If the representative member's claims are barred by res judicata, he lacks standing and cannot represent the class. *Sierra Club v. Morton*, 405 U.S. 727, 731-32, 92 S.Ct. 1361, 31 L.Ed. 636 (1972). Individual standing is a threshold to all actions, including class actions. *Id.*; see also *Warth v. Seldin*, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975).

or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 1995-Ohio-331, 653 N.E.2d 226, syllabus. "[A]ny issue that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 16.

{¶18} Appellees assert their claims are not barred by res judicata because their judgments of conviction were not final, appealable orders. They claim that Wohl exceeded his jurisdiction by imposing unlawful court costs and that, as a result, the judgments imposing court costs are void. However, it is well settled that when a judge or judicial officer acts "in excess" of the court's jurisdiction, as opposed to in the absence of all jurisdiction, the act, which is not authorized by law, is voidable, not void. *Wilson v. Neu*, 12 Ohio St.3d 102, 104, 465 N.E.2d 854 (1984), citing *Wade v. Bethesda Hosp.,* 337 F.Supp. 671 (S.D.Ohio 1971). Moreover, whether void or voidable, the remedy lies in a direct appeal, not a collateral attack on the judgment in a different court. *State ex rel. Bell v. Pfeiffer*, 131 Ohio St.3d 114, 2012-Ohio-54, 961 N.E.2d 181, ¶ 20, citing *State ex rel. Hamilton Cty. Bd. of Commrs. v. Hamilton Cty. Court of Common Pleas*, 126 Ohio St.3d 111, 2010-Ohio-2467, 931 N.E.2d 98, ¶ 36; *Keith v. Bobby*, 117 Ohio St.3d 470, 2008-Ohio-1443, 884 N.E.2d 1067, ¶ 14; *In re J.J.*, 111 Ohio St.3d 205, 2006-Ohio-5484, 855 N.E.2d 851, ¶ 10-16.

{¶19} In *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, the Ohio Supreme Court held that "[a] judgment of conviction is a final order subject to

appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *Id.* at paragraph one of the syllabus.[4] As a final appealable order, a defendant must file a direct appeal to challenge a sentence "or be forever barred from asserting it." *Grava* at 382, quoting *Natl. Amusements, Inc. v. Springdale*, 53 Ohio St.3d 60, 62, 558 N.E.2d 1178 (1990). Furthermore, a sentencing entry is a final, appealable order as to court costs. *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, paragraph three of the syllabus.

{¶20} This court's decision in *State v. DeBolt*, 8th Dist. No. 93315, 2009-Ohio-6650, illustrates this point. In *DeBolt*, the defendant appealed the denial of his motion to reconsider the court costs imposed by the Berea Municipal Court. However, instead of filing a timely appeal of his sentence and the court costs, he filed a motion to reduce costs almost two months after the deadline for filing a notice of appeal had passed. He argued his appeal was properly before the court because he timely appealed a final order denying his motion to reduce costs. In affirming the trial court's judgment, we held that Ohio courts have no authority to reconsider valid final judgments in criminal cases. *Id.* at ¶ 4, citing *State v. Myers*, 8th Dist. No. 65309, 1993 WL 483554 (Nov. 18, 1993); *State v. Bernard*, 2d Dist. No. 18058, 2000 WL 679008 (May 26, 2000);

---

[4]Appellees do not dispute that these four elements were included in Glick's judgment of conviction. Although appellees complain that the specific terms of Glick's plea agreement were not contained in the final judgment, such information is not required for a final, appealable order under *Lester*.

*State v. Mayo*, 8th Dist. No. 80216, 2002 WL 853547 (Apr. 24, 2002). We also explained that "to the extent that DeBolt's motion asked the trial court to reconsider the sentence or costs that it previously imposed, the motion was a nullity because *the court lacked jurisdiction to reconsider its own valid final judgment*." (Emphasis added.) *Id.,* citing *State v. Wilson*, 10th Dist. Nos. 05AP-939, 05AP-940 and 05AP-941, 2006-Ohio-2750, ¶ 9; and *State ex rel. Hansen v. Reed*, 63 Ohio St.3d 597, 599, 589 N.E.2d 1323 (1992).

{¶21} More recently, the Ohio Supreme Court reaffirmed this principle in *State v. Carlisle*, 131 Ohio St.3d 127, 2011-Ohio-6553, 961 N.E.2d 671. In *Carlisle*, the trial court sentenced the defendant in 2007. Two years later, the defendant asked the trial court to reconsider and modify his sentence, which had not yet been "executed" due to a prior appeal of his convictions. The Ohio Supreme Court succinctly held that, absent statutory authority, a trial court may not modify a defendant's sentence after a valid judgment of conviction has been journalized. *Id.* at ¶ 1, 13-15.

{¶22} Just as the common pleas court lacks jurisdiction to review its own final orders, it lacks jurisdiction to review orders from municipal courts. Judicial power is granted to Ohio courts in Section 1, Article IV of the Ohio Constitution. Section 4(B) of Article IV of the Ohio Constitution grants the common pleas court "original jurisdiction over all justiciable matters and such powers of review of proceedings of administrative officers and agencies as may be provided by law." Hence, the common pleas court's jurisdiction to act as a reviewing court is limited to administrative appeals. In contrast,

Section 3(B)(2) of Article IV authorizes appellate courts "to review final orders or judgments of the inferior courts in their district."

{¶23}   Additionally, R.C. 1901.30(A), which governs appeals from municipal courts, provides that "appeals from the municipal court may be taken   * * * [t]o the court of appeals in accordance with the Rules of Appellate Procedure and any relevant sections of the Revised Code."   The statute does not permit appeals from a municipal court to a common pleas court.   Therefore, the common pleas court is without jurisdiction to review the Berea Municipal Court's imposition of court costs.

{¶24} Furthermore, appellees' claims against Wohl for excessive court costs constitutes a collateral attack on their judgments of conviction.   Past convictions cannot be collaterally attacked.   *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024, ¶  9; *State v. Phillips*, 12th Dist. No. CA2009 09 242, 2010-Ohio-1941, ¶ 6. In a closely analogous case, a criminal defendant filed a writ of mandamus seeking an order compelling the common pleas court to correct its failure to comply with Crim.R. 32(C) by properly completing omitted entries from the court's journal.   *State ex rel. Galloway v. Lucas Cty. Court of Common Pleas*,   6th   Dist.   No.   L-10-1132, 2011-Ohio-1876.   The appellate court denied the writ on grounds that the defendant had an adequate remedy at law through a direct appeal.   *Id.* at ¶ 8.

{¶25} It is undisputed that the class representatives paid the costs associated with their municipal court cases and declined to file a direct appeal or seek a stay of their sentences.   Consequently, their current attempt to collaterally challenge those costs is

barred by res judicata and their claims are moot. Without a live case or controversy, the court lacks subject matter jurisdiction over the case. *Morrison v. Steiner*, 32 Ohio St.2d 86, 290 N.E.2d 841 (1972), paragraph one of the syllabus. If a court acts without jurisdiction, then any proclamation by that court is void. *Patton v. Diemer*, 35 Ohio St.3d 68, 518 N.E.2d 941 (1988). Therefore, the trial court's judgment granting class certification is void, and the trial court should have dismissed the case as barred by res judicata and for lack of subject matter jurisdiction.

{¶26} Accordingly, Wohl's ninth assignment of error is sustained, and the remaining assignments of error are moot. We reverse the trial court's judgment and remand the case for the trial court to vacate its judgment granting class certification and to grant summary judgment for Wohl.

It is ordered that appellant recover of said appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR