[Cite as *State ex rel. Black v. Forchione*, 2014-Ohio-4560.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO EX. REL. | : | Hon. William B. Hoffman, P.J. |
| LAWRENCE BLACK | : | Hon. W. Scott Gwin, J. |
|  | : | Hon. John W. Wise, J. |
| Relator | : |  |
|  | : |  |
| -vs- | : | Case No. 2014CA00129 |
|  | : |  |
| JUDGE FRANK G. FORCHIONE | : |  |
|  | : | O P I N I O N |
| Respondent | | |


CHARACTER OF PROCEEDING:     Writ of Mandamus


JUDGMENT:                                  Dismissed


DATE OF JUDGMENT ENTRY:      October 14, 2014

APPEARANCES:

For: Relator                                   For: Respondent

LAWRENCE BLACK  PRO SE          JOHN D. FERRERO
1511 Maple Avenue N.E.             Stark County Prosecutor
Canton, OH 44702                      BY: KATHLEEN O. TATARSKY
                                              110 Central Plaza South
                                              Canton, OH  44702

*Gwin, J.,*

{¶1}   Relator, Lawrence Black, has filed a Petition for Writ of Mandamus asking this Court to find Respondent lacks jurisdiction to preside over Relator's criminal case.

{¶2}   Respondent has filed a motion to dismiss arguing Relator has failed to demonstrate his entitlement to the requested writ.

{¶3}   For a writ of mandamus to issue, the relator must have a clear legal right to the relief prayed for, the respondent must be under a clear legal duty to perform the requested act, and relator must have no plain and adequate remedy in the ordinary course of law. *State, ex rel. Berger, v. McMonagle* (1983), 6 Ohio St.3d 28, 6 OBR 50, 451 N.E.2d 225.

{¶4}   Although it is difficult to understand the petition, it appears Relator believes Respondent is not permitted to be assigned to his current criminal case wherein Relator is charged with failing to register as a sex offender as required.  Relator argues the judge who found Relator to be a sex offender should have been the judge assigned to the new failure to register case.  Respondent was not the judge who declared Relator a sex offender.

{¶5}   "[A] claim of improper assignment of a judge can generally be adequately raised by way of appeal. See, *e.g., State ex rel. Berger v. McMonagle* (1983), 6 Ohio St.3d 28, 30, 6 OBR 50, 52, 451 N.E.2d 225, 227–228 (mandamus and prohibition no substitute for appeal to contest alleged improper assignment of judge)." *State ex rel. Key v. Spicer*, 2001-Ohio-98, 91 Ohio St. 3d 469, 469, 746 N.E.2d 1119, 1120.

{¶6} Because Relator has an adequate remedy at law by way of appeal to challenge the assignment of Respondent, the writ cannot issue. For this reason, the motion to dismiss is granted.

By Gwin, J.,

Hoffman, P.J., and

Wise, J., concur