[Cite as *Bear v. Buchanan*, 2018-Ohio-1817.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## NOBLE COUNTY

SAMUEL E. BEAR,

Petitioner,

v.

TIM BUCHANAN,

Warden/Respondent.

---

### OPINION AND JUDGMENT ENTRY
### Case No. 17 NO 0457

---

Writ of Habeas Corpus

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Dismissed.

---

*Samuel Bear*, *Pro Se*, A736-567, 15708 McConnelsville Road, Caldwell, Ohio 43724, for Petitioner and

*Atty. Stephanie Watson*, Criminal Justice Section, 150 East Gay Street, 16th Floor, Columbus, Ohio 43215-6001 for Respondent.

**RELEASED AND JOURNALIZED:**
May 8, 2018

**PER CURIAM.**

**{¶1}** Petitioner Samuel E. Bear is a prisoner at the Noble Correctional Institution and, proceeding on his own behalf, has filed a petition for a writ of habeas corpus. Petitioner is currently in the custody of Respondent Tim Buchanan, warden of the prison. Respondent has filed a motion to dismiss.

**{¶2}** In 2016, Petitioner sent an unsolicited letter to the mother of two young children revealing that he had engaged in oral sex with the children, who would have been 2 and 5 years old at the time of the assault. The mother contacted law enforcement authorities and Petitioner confessed to them as well, indicating that he was 18 or 19 years old at the time of the offenses. Following the issuance of a Bill of Information and a negotiated Crim.R. 11 plea agreement, Petitioner pleaded guilty to two counts of first-degree-felony rape in violation of R.C. 2907.02(A)(2). The parties reached an agreed upon sentence recommendation of two 8-year terms of imprisonment to be served concurrently. The trial court sentenced Petitioner accordingly and he has not yet pursued a direct appeal of his conviction and sentence.

**{¶3}** Petitioner then filed the petition which is the subject of this original action.

**{¶4}** R.C. 2725.01 provides: "Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation."

**{¶5}** Respondent has filed a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim in this matter. The purpose of such a motion is to test the sufficiency of the complaint. *State el rel. Boggs v. Springfield Local School Dist. Bd. of Ed.,* 72 Ohio St.3d 94, 95, 647 N.E.2d 788 (1995). In order for a case to be dismissed for failure to state a claim, it must appear beyond doubt that, even assuming all factual allegations in the complaint are true, the nonmoving party can prove no set of facts that would entitle that party to the relief requested. *State ex rel. Pirman,* 69 Ohio St .3d at 593; *Keith v. Bobby,* 117 Ohio St.3d 470, 2008-Ohio-1443, 884 N.E.2d 1067, ¶ 10. If the petition does not meet the requirements of a properly filed petition for writ of habeas corpus, or fails to state a facially viable claim, it may be dismissed on motion by the respondent or sua sponte by the court. *Flora v. State,* 7th Dist. No. 04 BE 51, 2005–Ohio–2383, ¶ 5.

{¶6} Petitioner argues that his incarceration is unlawful because he was a minor at the time of the offenses and never appeared before the juvenile court for bindover proceedings.

{¶7} R.C. 2152.12, which governs transfers of case from juvenile court provides as follows:

> If a person under eighteen years of age allegedly commits an act that would be a felony if committed by an adult and if the person is not taken into custody or apprehended for that act until after the person attains twenty-one years of age, the juvenile court does not have jurisdiction to hear or determine any portion of the case charging the person with committing that act. In those circumstances, divisions (A) and (B) of this section do not apply regarding the act, and the case charging the person with committing the act shall be a criminal prosecution commenced and heard in the appropriate court having jurisdiction of the offense as if the person had been eighteen years of age or older when the person committed the act. All proceedings pertaining to the act shall be within the jurisdiction of the court having jurisdiction of the offense, and that court has all the authority and duties in the case as it has in other criminal cases in that court.

R.C. 2152.12(J).

{¶8} Therefore, even assuming Petitioner's assertion that he was 16 or 17 years old when he committed the crimes in 2009 and 2010, his habeas claim is undermined by R.C. 2152.12(J) – it is undisputed that he was over the age of 21 when he was prosecuted. The juvenile court clearly would not have had jurisdiction over his case.

**{¶9}** Accordingly, Petitioner's petition for a writ of habeas corpus is dismissed. Costs taxed to Petitioner. Final order. Clerk to serve notice as provided by the Civil Rules.

**JUDGE GENE DONOFRIO, Concurs.**

**JUDGE CHERYL L. WAITE, Concurs.**

**JUDGE CAROL ANN ROBB, Concurs.**