**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Jones v. Galloway*, **Slip Opinion No. 2026-Ohio-1250.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2026-OHIO-1250

JONES, APPELLANT, *v.* GALLOWAY, WARDEN, APPELLEE.[1]

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Jones v. Galloway*, Slip Opinion No. 2026-Ohio-1250.]**

*Habeas corpus—Court of appeals correctly concluded that inmate's petition failed to comply with R.C. 2969.25 and failed to state a cognizable habeas claim—Dismissal affirmed.*

(No. 2025-1095—Submitted January 6, 2026—Decided April 9, 2026.)

APPEAL from the Court of Appeals for Ross County, No. 25CA12.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

_____

1. Jones named Timothy Shoop, who was then the warden of the Chillicothe Correctional Institution, as the respondent in this action.  Garry Galloway has succeeded Shoop as warden of that institution. We therefore automatically substitute Galloway for Shoop as the appellee in this appeal.  *See* S.Ct.Prac.R. 4.06(B).

**Per Curiam.**

{¶ 1} Appellant, Nikko N. Jones, appeals from the Fourth District Court of Appeals' judgment dismissing his petition for a writ of habeas corpus against appellee, the warden of the Chillicothe Correctional Institution, where Jones is confined. Because the Fourth District correctly concluded that Jones's petition was procedurally defective and failed to state a claim cognizable in habeas corpus, we affirm its judgment.

## FACTS AND PROCEDURAL HISTORY

{¶ 2} In 2021, Jones was indicted by a Cuyahoga County grand jury on two counts of attempted murder, two counts of felonious assault, and one count each of having weapons while under a disability, discharge of a firearm on or near prohibited premises, improper handling firearms in a motor vehicle, carrying a concealed weapon, receiving stolen property, and domestic violence.

{¶ 3} Jones alleged that although his criminal case was initially assigned to Cuyahoga County Court of Common Pleas Judge Nancy R. McDowell, other judges presided over the case during subsequent periods without having been properly assigned. Jones focuses on his October 3, 2022 plea hearing, at which he pleaded guilty to both felonious-assault charges and the domestic-violence charge. Judge Kenneth Callahan—not Judge McDowell—accepted Jones's pleas at that hearing and sentenced him to 17 to 20.5 years in prison. Jones alleged that he moved for leave to file a delayed appeal; however, the resolution of that motion is unclear from his petition.

{¶ 4} According to Jones, Judge Callahan lacked the "legal authority and jurisdiction" to accept his pleas and to sentence him, because no journalized order had formally assigned Judge Callahan to Jones's case. Based on these allegations, Jones asserted that he is entitled to immediate release.

{¶ 5} Along with his petition, Jones filed an affidavit under R.C. 2969.25, in which he attested that he had "filed one (1) civil action within the past five

(5) years." The affidavit does not provide any other information regarding the civil action Jones referred to.

{¶ 6} The warden filed a motion to dismiss Jones's petition, on both procedural and substantive grounds, under Civ.R. 12(B)(6). Procedurally, the warden argued that Jones's petition was fatally deficient for failing to comply with R.C. 2969.25. Substantively, the warden argued that Jones's petition failed to state a claim in habeas corpus because Jones possessed an adequate remedy in the ordinary course of the law and because his maximum sentence has not yet expired.

{¶ 7} The Fourth District agreed with the warden on both grounds, granted the warden's motion, and dismissed Jones's petition. Jones has appealed as of right to this court.

## ANALYSIS

{¶ 8} A motion to dismiss under Civ.R. 12(B)(6) is "procedural and tests the sufficiency of the complaint." *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 1992-Ohio-73, ¶ 9. When a court reviews the sufficiency of a complaint, the material allegations in the complaint must be taken as true, reasonable inferences must be drawn in favor of the nonmoving party, and the motion may be granted only if it appears beyond doubt from the complaint that the relator cannot prove a set of facts entitling him to recovery. *Id.* at ¶ 10. "We review de novo a decision granting a motion to dismiss under Civ.R. 12(B)(6)." *State ex rel. Sands v. Coulson*, 2021-Ohio-671, ¶ 6.

{¶ 9} In his merit brief, Jones raises a single proposition of law, which asserts that any judgment rendered by an improperly assigned judge is "void." Jones does not attack the Fourth District's conclusion that his petition was subject to dismissal for failing to comply with R.C. 2969.25(A). Even if he had, however, the Fourth District did not err in this regard.

{¶ 10} R.C. 2969.25(A) prescribes certain procedural requirements that apply to inmates who commence a civil action against a government entity or

employee. "Compliance with R.C. 2969.25(A) is mandatory, and failure to comply will warrant dismissal." *State v. Henton*, 2016-Ohio-1518, ¶ 3, citing *State ex rel. McGrath v. McDonnell*, 2010-Ohio-4726, ¶ 1.

{¶ 11} Here, although Jones filed an affidavit attesting that he filed one civil action against a government entity or employee within the previous five years, he failed to set forth any description of that action, much less all of the information required by R.C. 2969.25(A)—i.e., a brief description of the nature of the action, the name and number of the action and the court in which it was brought, the name of each party to the action, and the outcome of the action. The Fourth District was therefore right to dismiss Jones's petition for failing to comply with R.C. 2969.25. *See State ex rel. Russell v. Dept. of Rehab. & Corr.*, 2020-Ohio-4788, ¶ 7-8 (affirming dismissal of habeas petition because inmate's affidavit had listed several civil actions he filed within the previous five years but had failed to "identify the courts in which the cases were brought, the names of all the parties, or the outcomes of the cases").

{¶ 12} The Fourth District also correctly concluded that Jones's petition failed to state a claim cognizable in habeas corpus. A writ of habeas corpus is generally available only when the petitioner's maximum sentence has expired or when the sentencing court patently and unambiguously lacked subject-matter jurisdiction. *State ex rel. King v. Watson*, 2023-Ohio-4189, ¶ 13. Jones does not allege that his maximum sentence of 20.5 years, which was imposed in 2021, has expired. Thus, the pertinent question is whether the trial court patently and unambiguously lacked subject-matter jurisdiction.

{¶ 13} In his merit brief, Jones reiterates the argument he made below: that Judge Callahan lacked jurisdiction to decide Jones's case because Judge Callahan had not been assigned to the case in accordance with the procedures set forth in the Rules of Superintendence. But even accepting as true that the trial court failed to

adhere to some procedure prescribed by the Rules of Superintendence, that failure would not divest the trial court of subject-matter jurisdiction.

{¶ 14} Contrary to Jones's argument, any "'procedural irregularit[y]'" in the assignment of his case to a different judge would not disturb the trial court's subject-matter jurisdiction, *State ex rel. Harris v. Turner*, 2020-Ohio-2901, ¶ 13, quoting *In re J.J.*, 2006-Ohio-5484, paragraph one of the syllabus. Improper assignment affects only a court's "'jurisdiction over the particular case and render[s] the judgment voidable, not void.'" *Id.*, quoting *J.J.* at paragraph one of the syllabus. Therefore, a claim that a judge was improperly assigned to a case "can generally be adequately raised by way of appeal." *State ex rel. Key v. Spicer*, 2001-Ohio-98, ¶ 5.

{¶ 15} Because the Fourth District correctly concluded that Jones's petition failed comply with R.C. 2969.25 and failed to state a claim cognizable in habeas corpus, we affirm the court's judgment dismissing the petition.

## CONCLUSION

{¶ 16} We affirm the judgment of the Fourth District Court of Appeals dismissing Jones's petition for a writ of habeas corpus.

Judgment affirmed.

_____

Nikko N. Jones, pro se.

Dave Yost, Attorney General, and Jerri L. Fosnaught, Assistant Attorney General, for appellee.

_____