[Cite as *Wattley v. Liberty Mut. Ins. Co.*, 2026-Ohio-1753.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

MARCUS WATTLEY, et al.

    Appellees

    v.

LIBERTY MUTUAL INSURANCE
COMPANY, et al.

    Defendant

    and

KATHRYN PERRICO and
JEFFREY TALBERT

    Appellants

C.A. Nos.     31642
                31643

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV-2024-06-2712

DECISION AND JOURNAL ENTRY

Dated: May 13, 2026

CARR, Presiding Judge.

{¶1} Defendants-Appellants Jeffrey Talbert and Kathryn Perrico have separately appealed the judgment of the Summit County Court of Common Pleas. This Court reverses and remands the matter for proceedings consistent with this decision.

I.

{¶2} In May 2021, Plaintiffs-Appellees Marcus Wattley, Frank McLeod, Zachary Sweat, Romero Harris, Cade Brodie, and Tyler Thatcher (collectively "the Coaches"), who were several coaches with the Canton McKinley High School Football Program, implemented a disciplinary

exercise which involved having a student eat pepperoni pizza while other teammates were exercising. Allegations arose that the student was required to eat the pizza even though doing so went against his religious beliefs. The incident received wide media attention. Ultimately, the Coaches involved were terminated from their employment.

{¶3} Extensive litigation followed, including a defamation suit initiated by the Coaches, and federal and state court litigation initiated by the student's father and the student. Ms. Perrico was retained by Defendant Liberty Mutual Insurance Company ("Liberty"), pursuant to an insurance policy with the Canton City School District, to defend, inter alia, Mr. Talbert, who is the Superintendent of the Canton City School District, in the litigation. The Coaches were assigned separate counsel in the federal litigation. Both suits initiated by the student's father and student were resolved via a $125,000 settlement ("the Settlement").

{¶4} In June 2024, the Coaches filed a complaint in the instant matter naming Liberty, Ms. Perrico, and Mr. Talbert, in his individual capacity, as Defendants. Essentially, the Coaches alleged that the Settlement was collusive and a sham. The Coaches asserted that the Settlement should have been for a nominal amount, that the Coaches never authorized the settlement, and that Ms. Perrico and Mr. Talbert settled the matter to reduce their exposure in the defamation action to the detriment of the Coaches. The Coaches asserted claims for bad faith and breach of contract against Liberty and tortious interference with contract against Ms. Perrico and Mr. Talbert.

{¶5} Ms. Perrico and Mr. Talbert filed separate motions to dismiss. The Coaches filed a motion for leave to amend their complaint, which was ultimately granted. The amended complaint added a claim for third-party legal malpractice against Ms. Perrico.

{¶6} Ms. Perrico filed a motion to dismiss the amended complaint relying on her prior filings. Those prior filings included an argument that R.C. 2744.07(C)(2) prohibits the instant

action. Mr. Talbert also filed a motion to dismiss the amended complaint, in part, arguing that R.C. 2744.07(C)(2) barred the action. The Coaches opposed the motions to dismiss, and Ms. Perrico and Mr. Talbert filed reply briefs. Ultimately, the trial court denied both motions to dismiss.

{¶7} Ms. Perrico and Mr. Talbert separately appealed the judgment. This Court consolidated the appeals. Ms. Perrico and Mr. Talbert have each raised a single assignment of error for our review. They will be addressed together to facilitate our analysis.

II.

### MS. PERRICO'S ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED WHEN IT DENIED PERRICO'S CIV.R. 12(B)(6) MOTION TO DISMISS THE AMENDED COMPLAINT ON THE AUTHORITY OF R.C. 2744.07(C)(2).

### MR. TALBERT'S ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT TALBERT'S MOTION TO DISMISS BECAUSE R.C. []2744.07(C) BARS ANY ACTION WITH RESPECT TO THE DECISION OF A POLITICAL SUBDIVISION TO ENTER INTO A SETTLEMENT OR TO SECURE RELEASES, OR CONCERNING THE AMOUNT AND CIRCUMSTANCES OF A SETTLEMENT.

{¶8} Both Ms. Perrico and Mr. Talbert argue on appeal that the trial court erred in denying their motions to dismiss because the Coaches' action was barred by R.C. 2744.07(C)(2).

{¶9} "A motion to dismiss under Civ.R. 12(B)(6) is 'procedural and tests the sufficiency of the complaint.'" *Jones v. Galloway*, 2026-Ohio-1250, ¶ 8, quoting *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 1992-Ohio-73, ¶ 9. "When a court reviews the sufficiency of a complaint, the material allegations in the complaint must be taken as true, reasonable inferences must be drawn in favor of the nonmoving party, and the motion may be granted only if it appears beyond doubt from the complaint that the relator cannot prove a set of facts entitling him to

recovery." *Jones* at ¶ 8. "We review de novo a decision granting a motion to dismiss under Civ.R. 12(B)(6)." *Id.*, quoting *State ex rel. Sands v. Coulson*, 2021-Ohio-671, ¶ 6.

{¶10} Both Ms. Perrico and Mr. Talbert in their respective motions to dismiss, raised the issue of whether the Coaches' action was barred by R.C. 2744.07(C)(2).

{¶11} R.C. 2744.07(C)(1) provides that "[a] political subdivision may enter into a consent judgment or settlement and may secure releases from liability for itself or an employee, with respect to any claim for injury, death, or loss to person or property caused by an act or omission in connection with a governmental or proprietary function." R.C. 2744.07(C)(2) states that "[n]o action or appeal of any kind shall be brought by any person, including any employee or a taxpayer, with respect to the decision of a political subdivision pursuant to division (C)(1) of this section whether to enter into a consent judgment or settlement or to secure releases, or concerning the amount and circumstances of a consent judgment or settlement. Amounts expended for any settlement shall be from funds appropriated for this purpose."

{¶12} Despite both parties raising this issue, the trial court failed to even reference R.C. 2744.07(C)(2) in its judgment entry, although it did mention R.C. 2744.07(C)(1). Thus, it is unclear whether the trial court appreciated the substance of the argument before it when it denied both motions to dismiss. The trial court conducted no analysis as to whether the statute applied to the claims and parties at issue, nor did it discuss why it believed the claims could proceed despite R.C. 2744.07(C)(2). This absence of analysis makes this Court's review problematic. "Because the trial court's judgment entry prevents this Court from conducting a meaningful review [of the issue before us], we reverse its judgment and remand the matter [] so that the trial court can create an entry sufficient to permit appellate review." *MSRK, L.L.C. v. Twinsburg*, 2012-Ohio-2608, ¶

10 (9th Dist.); *see also Hall v. Wooster,* 2024-Ohio-5540, ¶ 11 (9th Dist.) (addressing a similar issue in the context of summary judgment).

{¶13} The assignments of error are sustained to the extent discussed above.

III.

{¶14} The assignments of error are sustained to the extent discussed above, and the matter is remanded for the trial court to issue an entry more suitable for appellate review. The judgment of the Summit County Court of Common Pleas is reversed, and the matter is remanded for proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

DONNA J. CARR
FOR THE COURT

SUTTON, J.
<u>CONCURS.</u>

HENSAL, J.
<u>CONCURS IN JUDGMENT ONLY.</u>

<u>APPEARANCES:</u>

GREGORY E. O'BRIEN, Attorney at Law, for Appellant.

HANNAH MARKEL KLANG, Attorney at Law, for Appellant.

WILLIAM H. HARTNER, MADISON WEAVER, and ERICA MECLER CARON, Attorneys at Law, for Defendant.

PETER PATTAKOS, ZORAN BALAC, GREGORY GIPSON, and MARYAM ASSAR, Attorneys at Law, for Appellees.